OPINION OF THE COURT
Wachtler, J.
The question , on this appeal is whether a court which mistakenly sentenced a defendant to three years, instead of eight years as agreed at the time of plea, could correct its error a few months later without violating either the statutory prohibition against changing sentences (GPL 430.10) or the defendant’s constitutional rights under the double jeopardy clause. The trial court held the error correctable but the Appellate Division reversed on the ground that the correction represented a change in sentence prohibited by the statute. The People appeal.
In 1978 the defendant was indicted for robbery in the first degree and related offenses for allegedly robbing a gas station with a shotgun. As the result of a plea bargain he agreed to plead guilty to attempted robbery in the first degree in exchange for an eight-year sentence. When the plea was entered on January 12, 1979 the defendant acknowledged that he received no promise other than that *363 “the sentence will be zero to eight years”. The court accepted the plea on that representation.
When the defendant appeared for sentence on February 13, the plea agreement to sentence the defendant to “a period of zero to eight” years was again brought to the court’s attention by the prosecutor and acknowledged by defense counsel. The court after referring to the probation report and the defendant’s criminal history stated, “Under all the facts and circumstances, the court will follow the plea bargaining”. However, in formally pronouncing sentence the court apparently mentioned three years instead of eight as the maximum term of imprisonment. The discrepancy appears in the sentencing minutes and related court documents.
In May, 1979 during plea discussions with the defendant’s codefendants, the prosecutor noted the discrepancy and applied to the sentencing Judge to resettle the record to show that the defendant received the negotiated sentence of eight years imprisonment.
At an informal hearing attended by the prosecutor, the defendant and his attorney, the court admitted that it had “no independent recollection of the actual words used” in pronouncing sentence. It noted, however, that there had been a plea agreement to sentence the defendant to eight years; that the court accepted that agreement at the time of plea and again at the time of sentence and that the court’s private notes as well as the District Attorney’s notes indicated that the defendant was sentenced to zero to eight years in accordance with the agreement. Thus the court concluded that the references to a three-year sentence are erroneous and that “the sentence is now corrected”. The defendant did not testify or comment with respect to the discrepancy. His attorney simply challenged the power of the court to correct the error at this stage.
On appeal the Appellate Division reversed and reinstated the three-year sentence. The Appellate Division recognized that a court has inherent power to correct errors but concluded that the error in this case could not be considered clerical or correctable because the “imposition of judgment *364 enlarging the time to be served by defendant is a matter of substance not form”. (78 AD2d 358, 362.) The Appellate Division apparently felt that a correction of this nature amounted to a change in the sentence which by statute is prohibited “once the term or period of the sentence has commenced” (CPL 430.10).
It is well settled that courts possess “inherent power to correct their records, where the correction relates to mistakes, or errors, which may be termed clerical in their nature, or where it is made in order to conform the record to the truth” (Bohlen v Metropolitan El. Ry. Co., 121 NY 546, 550-551). This power exists in criminal as well as civil cases and has been held specifically applicable to errors relating to sentence (People ex rel. Hirschberg v Orange County Ct., 271 NY 151, 157).
Of course a court cannot, in the guise of correcting an error, change or amend a sentence which is not defective (People ex rel. Sedotto v Jackson, 307 NY 291). Indeed as the Appellate Division noted that is expressly prohibited by CPL 430.10 which provides “[ejxcept as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced” (see, also, People v Yannicelli, 40 NY2d 598, holding the statute prohibits a court from resentencing a defendant on the incarceration portion of a sentence when that portion was not defective and had already been served). However, this statute like its predecessor (Code of Criminal Procedure, § 470-a; former Penal Law, § 2188) essentially restates the common law (see People ex rel. Kuney v Adams, 168 Misc 285, 296, affd 256 App Div 802, affd 280 NY 794; cf. People ex rel. Woodin v Ottaway, 247 NY 493, 496; see, also, People ex rel. Holton v Hunt, 217 App Div 428, 431) and does not alter the power of a court to correct errors or mistakes concerning sentences (see, e.g., People v Harrington, 21 NY2d 61, 65).
There is no contention in this case that the court intentionally but inexplicably sentenced the defendant to three years in violation of the plea arrangement it had just agreed *365 to honor and then subsequently, and just as inexplicably, changed its mind and resentenced him to the longer term originally agreed upon. Here it is evident from the record and in fact not disputed that we are concerned only with the correction of an error in the sentence. The fact that the error may have resulted from the court’s own inadvertence in pronouncing the sentence does not make the error any less correctable. The inherent power of a court to correct its own errors extends to a statement or even formal pronouncement made by a court which may create “apparent ambiguity” but “which is, plainly, the result of some inadvertence on his [the Judge’s] part, and which our reason tells us is a mere mistake” (Bohlen v Metropolitan El. Ry. Co., supra, p 550). Neither is the court’s power to correct error in a sentence limited to purely formal defects which can have no effect on the substance of the sentence. For instance, a court may correct its records to show that a prior conviction reported as a felony was actually for a misdemeanor — a matter of obvious substance to a defendant sentenced as a prior felony offender (see, e.g., People ex rel. Hirschberg v Orange County Ct., supra). In short there is no reason why the court’s inherent power to correct its own mistakes generally should not permit the court to correct the particular error that occurred during sentencing in this case.
With respect to the defendant’s double jeopardy argument we note that the Supreme Court has recently rejected the contention that “a sentence, once pronounced, is to be accorded constitutional finality and conclusiveness similar to that which attaches to a jury’s verdict of acquittal” (United States v Di Francesco, 449 US 117, 132). The defendant claims that that case is distinguishable on the ground that the defendant there had no expectation of finality because the Government was expressly authorized by statute to challenge the sentence on appeal, while in this case there is no express statutory mechanism for correcting the error in the sentence. However, as noted, the court’s power to correct errors, including errors in the sentence, is well established by the case law and is not expressly prohibited by statute. To the extent the defendant may *366 actually have entertained the hope that such an obvious error would be uncorrectable once he reached State prison, it was not founded on any authoritative pronouncement to that effect from this court or the Legislature. Indeed we know of no case binding on this court which has held that a defendant who is mistakenly sentenced to a lesser term than he agreed to, should immediately upon commencing the sentence acquire a vested interest in the error so that it would be unfair, under the double jeopardy clause, to correct the error and make the defendant serve out the term of his own sentencing agreement (but cf. United States v Sacco, 367 F2d 368). Thus limiting the defendant’s objection to the facts of this case, as we must (see, e.g., Broadrick v Oklahoma, 413 US 601), there is no basis for concluding that the double jeopardy clause posed any impediment to the court’s power to correct the error in the sentence.
Accordingly, the order of the Appellate Division should be reversed and the case remitted to that court for review of the facts (CPL 470.40, subd 2, par [b]).