OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The defendant had agreed to enter a guilty plea to a charge of second degree burglary in full satisfaction of the indictment against him. The record indicates that the defendant understood that the sentence to be imposed was to run consecutively, as required by subdivision 2-a of section 70.25 of the Penal Law, to the time defendant owed on a previously imposed sentence. At the sentencing, however, the Judge mistakenly stated that the sentence imposed was to run concurrently with the prior sentence.
Some 12 months later, the clerk at Great Meadows Correctional Facility notified the District Attorney and the defense counsel of the error in sentencing. The District Attorney’s office brought this error to the court’s attention. The court then, stating it was acting sua sponte, resentenced the defendant to an indeterminate term of imprisonment of four to eight years to run consecutive to the time defendant owed on his prior conviction.
It was within the trial court’s inherent power to correct the error made at sentencing. (People v Minaya, 54 NY2d 360.) As stated in People v Minaya, this power “extends to a statement or even formal pronouncement made by a court which may create ‘apparent ambiguity’ but ‘which is, plainly, the result of some inadvertence on his [the Judge’s] part, and which our reason tells us is a mere mistake’” (People v Minaya, supra, at p 365, quoting Bohlen v Metropolitan El. Ry. Co., 121 NY 546, 550).
The record, in this case, clearly indicates that in sentencing the defendant to a concurrent sentence rather than to a consecutive sentence, the Trial Judge merely misspoke. Thus, it was within that court’s power to correct its own inadvertent error. The fact that this error was brought to the court’s attention by the District Attorney does not alter the fact that in resentencing the defendant, the court was exercising its own inherent powers.
*615 Nor does CPL 440.40 affect the court’s inherent power to correct an invalid sentence. CPL 440.40 provides that: “At any time not more than one year after the entry of a judgment, the court in which it was entered may, upon motion of the people, set aside the sentence upon the ground that it was invalid as a matter of law.”
This statute was clearly intended as a companion to CPL 440.20, which allows the defendant to make a motion to set aside a sentence which is invalid as a matter of law, at any time after the entry of judgment. The one-year limitation in CPL 440.40 is designed to restrict the People’s ability to move to set aside an illegal sentence. This statute should not be read to place a similar restriction on the court’s inherent ability to correct its own errors. Contrasted with CPL 442.20, it is clear that CPL 440.40 is intended only as a limitation on the People with reference to an “invalid [sentence] as a matter of law” not imposed by mistake.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Meyer taking no part.
Order affirmed in a memorandum.