■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD RIGGINS, Appellant.—Judgment, Supreme Court, New York County (Frederic S. Berman, J., at guilty plea, sentence and resentence), rendered March 21, 1988, which convicted defendant of robbery in the second degree and resentenced him to an indeterminate term of imprisonment of from 4 to 8 years, to run consecutively with parole time owed, unanimously reversed, on the law, the sentence vacated, and the sentence rendered by the same court and Judge on June 10, 1986, which convicted defendant of robbery in the second degree and sentenced him to an indeterminate term of imprisonment from 4½ to 9 years, to run concurrently with any parole time owed, is reinstated.

Early in 1988 the sentencing Judge was informed by the Department of Correction that because defendant was a predicate violent felony offender his sentence could not lawfully run concurrently with the time he owed for the parole violation. While the court's desire to act in the matter is understandable, it was, under the circumstances presented, without power to do so.

Where a sentence imposed in a criminal case is challenged as substantively illegal, the court's power to correct it is derived from the Criminal Procedure Law and is purely statutory. A criminal defendant may seek such relief at any time (CPL 440.20 [1]); the People may also make such an application but must do so within one year after the entry of judgment (CPL 440.40 [1]). Here the court acted *sua sponte,* nearly two years after it had entered judgment. This was error, and cannot be sustained on the basis of any supposititious inherent power *(Matter of Campbell v Pesce,* 60 NY2d 165). Admittedly, the inherent power of a court to correct its own error in accepting a plea or imposing a sentence has been been recognized in the case of a patent clerical error *(People v Minaya,* 54 NY2d 360, *cert denied* 455 US 1024) or where the record showed that in sentencing a defendant to a concurrent, rather than a consecutive, sentence, the Trial Judge had merely misspoken *(People v Wright,* 56 NY2d 613). In both *Minaya* and *Wright* the corrections made after sentence were

not only based upon an error appearing on the record, but the changes made fully comported with the true understanding of the court, the prosecutor and the defendant when the original (and erroneous) sentence was imposed.

In this case the error is not discernible from the face of the record, nor did the action of the court correspond to any understanding or expectancy of either the People or the defendant. Thus the court had no authority to proceed as it did. As stated in *Matter of Campbell v Pesce (supra,* at 169): "In no instance have we recognized a court's inherent power to vacate a plea and sentence over defendant's objection where the error goes beyond mere clerical error apparent on the face of the record and where the proceeding has terminated by the entry of judgment. Indeed, by CPL 440.40 (subd 1) the Legislature has expressed its intent to place a time limit on the People's right to challenge an illegal judgment, which would be vitiated by an undefined inherent power to correct errors, whenever evidenced, which do not even appear in the record."

A Fourth Department memorandum decision, *People v Ford* (143 AD2d 522), does hold to the contrary. However, its premise that *Wright (supra)* created a general inherent judicial power to vacate illegal sentences is insupportable. *Wright* merely sanctioned the vacatur of an illegal sentence that, unlike here, was the result of the sentencing Judge's slip of the tongue. *(See, People v Wright,* 56 NY2d, *supra,* at 614.) In subsequent cases, the Court of Appeals has consistently described *Wright* as authorizing correction of sentences only where the Judge has "merely misspoken" in pronouncing sentence *(Matter of Campbell v Pesce,* 60 NY2d, *supra,* at 169). Concur—Murphy, P. J., Ross, Milonas, Kassal and Wallach, JJ.