THE PEOPLE OF THE STATE OF NEW YORK ex rel. RONALD DAVIDSON, Appellant, v WALTER R. KELLY, as Superintendent of Attica Correctional Facility, et al., Respondents. [600 NYS2d 658] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). Memorandum: Upon our review of the appeal, we agree with

assigned counsel that there are no nonfrivolous issues to raise on relator's behalf and, therefore, we grant counsel's application to withdraw *(see, People v Crawford,* 71 AD2d 38, *supra).* Habeas corpus relief is unavailable because the facts alleged in the petition would not entitle the relator to immediate release from custody but only to consideration for release by the time allowance committee *(see,* Correction Law § 803 [1], [4]; *People ex rel. Miranda v Kuhlman,* 127 AD2d 924, *lv denied* 69 NY2d 612; *Matter of Midgley v Smith,* 63 AD2d 223, 227). Also, an application for relief from the alleged error in the order of commitment must be directed to the court that issued the order. The sentencing court has the inherent power to correct the alleged discrepancy between the stenographic minutes of the sentence and the order of commitment *(see, People v Davis,* 161 AD2d 787, 788, *lv denied* 76 NY2d 939; *see also, People v Wright,* 56 NY2d 613; *People v Minaya,* 54 NY2d 360, 364-365, *cert denied* 455 US 1024). (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.— Habeas Corpus.) Present—Green, J. P., Pine, Lawton, Boomer and Boehm, JJ.