■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIN P. BROWN, Appellant. [613 NYS2d 719] —Cardona, P. J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered June 14, 1993, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and reckless endangerment in the first degree.

On June 10, 1992, defendant entered Dot and Ray's Tavern in the Town of Morristown, St. Lawrence County, and discharged a .22-caliber rifle. Defendant left the tavern and forcibly entered the home of Beverly Barley, where he allegedly held her hostage at gunpoint for several hours before he surrendered to police.

Defendant was indicted for the crimes of burglary in the first degree, burglary in the second degree, criminal use of a firearm in the first degree, criminal use of a firearm in the second degree, robbery in the first degree, reckless endangerment in the first degree and kidnapping in the second degree.

Following plea negotiations, defendant entered guilty pleas to burglary in the second degree (Penal Law § 140.25 [2]), as a lesser included offense of the first count of the indictment charging burglary in the first degree, and reckless endangerment in the first degree. Defendant was sentenced to an indeterminate prison term of 2 to 6 years on each charge to run concurrently in accordance with County Court's promise.

During its prefatory remarks at sentencing, County Court incorrectly referred to the second count of the indictment as the basis for defendant's guilty plea to burglary in the second degree when, in fact, the plea represented a reduction from the first count charging burglary in the first degree. Defendant contends that the sentence was unauthorized because it was based upon the court's erroneous determination (CPL 450.30 [1]) that he pleaded guilty to burglary in the second degree as a violation of subdivision (1) of Penal Law § 140.25 when in fact he pleaded guilty to a violation of subdivision (2), and that this misunderstanding by County Court may have resulted in the sentence which he challenges as harsh and excessive. Both the presentence report and the record of conviction properly recite that defendant pleaded guilty to burglary in the second degree as a lesser included offense of the first count. The record demonstrates that this is a situation where County Court "merely misspoke in imposing sentence" *(Matter of Kisloff v Covington,* 73 NY2d 445, 450; *see, People v Wright,* 56 NY2d 613, 614), an error which the sentencing court may correct by the exercise of its inherent powers *(see, Matter of Kisloff v Covington, supra; People v Wright, supra; People v Minaya,* 54 NY2d 360, 364, *cert denied* 455 US 1024). Accordingly, this matter shall be remitted for resentencing so that the discrepancy in the stenographic minutes of the sentence may be corrected *(see, People v Davis,* 161 AD2d 787, 788, *lv denied* 76 NY2d 939; *see also, People ex rel. Davidson v Kelly,* 193 AD2d 1140, 1141).

We reject defendant's remaining contention that the sentences were harsh and excessive given that they were within the statutory parameters applicable to both class C violent and class D felonies *(see,* Penal Law § 70.00 [2] [d]; [3] [b]; § 70.02 [3] [b]; [4]). Furthermore, defendant was permitted to plead guilty to burglary in the second degree and reckless endangerment in the first degree in satisfaction of a seven-count indictment, and did so knowing that he would receive concurrent sentences that were less than the harshest possible. Under these circumstances, we see no reason to disturb County Court's sentence *(see, People v Guarini,* 193 AD2d 961).

Crew III, Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of St. Lawrence County for resentencing; and, as so modified, affirmed.