OPINION OF THE COURT
Charles A. Kuffner, Jr., J.
The People have made application to set aside the judgment *307 in this case and resentence the defendant. The People maintain defendant’s original sentence is improper because he was not adjudicated and sentenced as a predicate felon.
On August 23, 1991 defendant was sentenced to one to three years after having previously pleaded guilty to burglary in the third degree. He was transferred to the New York State Department of Correctional Services on October 4, 1991. Subsequent to his incarceration with the State, the parole office discovered that defendant had previous felony convictions which were apparently not known by this court when it sentenced him in 1991. In a letter dated December 28, 1994 the parole office inquired of the court if it would consider resentencing the defendant.
A review of the court records in this case reveal that at the time of defendant’s sentencing neither the Assistant District Attorney nor the Probation Department’s presentencing report indicated any prior contact with the criminal justice system in the nature of convictions. At the time of sentencing, when asked by the Court Clerk if his name was Jay Smith, the defendant volunteered his alleged real name of Jamel Hasheem.
The People acknowledge that the time period within which they have to move to set aside an illegal sentence and move for resentencing is limited by CPL 440.40 (1). They maintain, however, the court has inherent power at any time to set aside illegal sentences that occurred as a result of the court’s error.
The issue then is whether under the facts of this case the court precipitated the kind of error which justifies the exercise of its inherent authority to act sua sponte for the purpose of correcting that mistake when the illegality is pointed out by an agency of the State such as the Department of Correctional Services. For the reasons stated below the court determines the error bringing about the illegal sentence was not the clerical or inadvertent mistake of the court and the sentence previously imposed must stand.
According to the Assistant District Attorney as well as the Practice Commentaries under CPL 440.40 in McKinney’s Consolidated Laws of NY the question has received different responses in the two Appellate Divisions which have considered the point. The Fourth Department in People v Ford (143 AD2d 522) decided in 1988 that the lower court had inherent power to correct its own error since the court’s original *308 imposition of a concurrent rather than consecutive sentence was defective and invalid.
In contrast, the First Department in People v Riggins (164 AD2d 797) held in 1990 that since the error was "not discernible from the face of the record, nor did the action of the court correspond to any understanding or expectancy of either the People or the defendant” (supra, at 798) the Court lacked the statutory authority to correct the illegal sentence two years after entry of the judgment of conviction. Coincidentally, the Court’s informant of the error in the Riggins case was also the Department of Correctional Services.
In rendering its opinion in People v Riggins (supra), the Appellate Division quoted the Court of Appeals in Matter of Campbell v Pesce (60 NY2d 165, 169), wherein the Court observed: " 'In no instance have we recognized a court’s inherent power to vacate a plea and sentence over defendant’s objection where the error goes beyond mere clerical error apparent on the face of the record and where the proceeding has terminated by the entry of judgment. Indeed, by CPL 440.40 (subd 1) the Legislature has expressed its intent to place a time limit on the People’s right to challenge an illegal judgment, which would be vitiated by an undefined inherent power to correct errors, whenever evidenced, which do not even appear in the record.’ ”
This court is inclined to agree with the First Department in rejecting the Fourth Department’s memorandum decision in People v Ford (supra). While it is unclear from the Ford decision whether the judicial correction was sought within one year of the illegal sentence, the Court’s reliance upon People v Wright (56 NY2d 613) was misplaced. Wright merely sanctioned an inherent authority of the sentencing court where the error was a "slip of a tongue” or as later affirmed in Campbell (supra, at 169) the Court had "merely misspoken.”
The Legislature has clearly defined the parameters for correcting illegal sentences. A defendant may seek relief at any time as provided in CPL 440.20 (1). Although the People have a corresponding right to correct sentencing errors, CPL 440.40 (1) limits their authority to move within one year of the asserted illegal sentence. More than a year has transpired in this case. Further, although the sentencing error was brought to the court’s attention by the Department of Correctional Services, this fact does not nullify the one-year limitation by creating an exceptional circumstance. The Department *309 of Correctional Services is an agency of the State and the People would still be the appropriate conduit for properly raising the issue.
Even if the Department of Correctional Services could move independently before this court for clarification of the imposed sentence, the spirit of the one-year statutory limitation in the CPL would perforce apply to them as well.
To extend the exercise of the court’s inherent power beyond ministerial, clerical, inadvertent written or misspoken errors would be to broaden the court’s authority beyond the clear import of the legislation which was designed to promote finality in criminal judgments of conviction. Since the People concededly could not move on their own at this time for the relief requested, they should not be permitted to circumscribe the statute’s time constraints by relying on another State agency to invoke an extension of the court’s power. The court cannot be party to such legerdemain.
The full history of defendant’s criminality, particularly his convictions for felonies, is not apparent from the face of the court records and this factual omission or error to provide the court with this information cannot be denominated a mere clerical oversight or a misstatement of understanding between the parties and the court. The People and the Probation Department clearly have the burden to provide the relevant material for the court to consider prior to sentencing. In this case that information would have been readily available had due diligence been exercised, particularly since defendant gave another name at sentencing.
The application to vacate the judgment of conviction and set aside the heretofore imposed sentence of this court is denied.