■ In the Matter of JAMES SADLER, Petitioner, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York, et al., Respondents. [631 NYS2d 664] —Determination of the respondent Police Commissioner dated March 30, 1994, dismissing

petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Edward Greenfield, J.], entered September 23, 1994), dismissed, without costs.

Respondent's determination that petitioner, while on sick report and away from home without leave, failed to take proper action in not preventing a sexual assault was necessarily based on a determination that the complainant's testimony, which had previously helped convict the assailant of rape and clearly constitutes substantial evidence for purposes of the instant proceeding, was more credible than petitioner's. This Court may not find otherwise (*Matter of Pesante v Abate*, 211 AD2d 504). Dismissal is an entirely appropriate penalty for a police officer who allows a friend to commit what the officer knew to be a rape. Concur—Wallach, J. P., Kupferman, Ross, Nardelli and Tom, JJ.