■ In the Matter of RICHARD KIDNEY, Petitioner, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York, et al., Respondents. [637 NYS2d 152] —Determination of the respondent Police Commissioner dated March 23, 1994, dismissing petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Edith Miller, J.], entered on or about October 31, 1994), unanimously dismissed, without costs.

Respondent's determination that petitioner was involved in a hit-and-run accident, as reported to the police and testified to at the hearing by the complainant, who had an opportunity to observe petitioner and his car immediately prior to the accident, and whose observations were corroborated by the passengers in the vehicle driving directly behind complainant, who were able to take down the license plate number, the make, and year of petitioner's vehicle, was based upon a finding that the complainant's version of the accident was simply more credible than petitioner's. It is not for this Court to find otherwise (*Matter of Sadler v Bratton*, 219 AD2d 517). Dismissal from police service is the appropriate penalty for an officer who drives recklessly, is involved in an accident, and leaves the scene. Concur—Ellerin, J. P., Kupferman, Ross and Williams, JJ.