■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RUIZ, Also Known as LUIS ALVARADO, Appellant. [641 NYS2d 692] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered September 13, 1994, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On February 3, 1994, the defendant pleaded guilty to criminal sale of a controlled substance in the fifth degree to cover the indictment. He was promised a sentence of two to four years imprisonment, "concurrent with the time you are now serving". On February 14, 1994, he received the promised sentence.

By letter dated April 4, 1994, the Department of Correctional Services informed the sentencing court that the sentence was illegal under Penal Law § 70.25 (2-a). On June 13, 1994, the defendant appeared before the sentencing court, who informed him that "we imposed an illegal sentence", and gave the defendant the option of being resentenced to two to four years imprisonment to run consecutive to his prior sentence, or withdrawing his plea and going to trial. The defendant did not object to that procedure and chose to withdraw his guilty plea.

On this appeal from the judgment of conviction rendered after trial, the defendant contends that the court improperly

vacated his guilty plea. His contentions are unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the court's power to correct an illegal sentence within one year after the sentence was imposed is well recognized in statutory and case law (*see, People v Wright,* 56 NY2d 613; *People v Ford,* 143 AD2d 522; *People v Smith,* 164 Misc 2d 306; CPL 440.40 [1]; *cf., People v Riggins,* 164 AD2d 797). In the instant case, where the defendant pleaded guilty with the understanding that he would receive a sentence which the court and the parties later ascertained was illegal, the court was obligated to give the defendant the option to withdraw his plea as an alternative to imposing a legal sentence (*see, People v Ford, supra*). That the defendant chose an option which ultimately proved disadvantageous to him is not a ground for reversal.

The defendant's claim that his counsel was ineffective cannot be determined on this record (*see, e.g., People v Langhorne,* 177 AD2d 713). Mangano, P. J., Ritter, Hart and McGinity, JJ., concur.