■ The People of the State of New York, Respondent, v Lawrence Moss, Appellant. [652 NYS2d 298] —Appeal by the de-

fendant, as limited by his motion, from an amended sentence of the County Court, Westchester County (West, J.), imposed October 5, 1995, vacating a prior sentence of the same court imposed April 22, 1992, sentencing him to a term of imprisonment of four and one-half to nine years to run concurrently with any sentence he was then serving, and sentencing him to a term of imprisonment of four and one-half to nine years to run consecutively to any sentence he was then serving.

Ordered that the amended sentence is vacated, on the law, and the sentence imposed April 22, 1992, is reinstated.

On April 1, 1992, the defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree, a class B felony, in satisfaction of the indictment. The defendant admitted that, on December 20, 1989, he had been convicted of robbery in the second degree, a class C felony, and that he was a second felony offender. On April 22, 1992, the defendant, as promised, was sentenced to serve four and one-half to nine years imprisonment, the sentence to run concurrently with any sentence he was then serving. On October 5, 1995, more than three years later, the defendant was returned to court. The court indicated that it had been informed, by letter from the New York State Department of Correctional Services, that at the time the defendant was sentenced on April 22, 1992, he had not yet completed serving a sentence on the prior felony conviction for robbery in the second degree. Thus, pursuant to Penal Law § 70.25 (2-a), the instant sentence had to be served consecutively to the undischarged prior sentence on the robbery. Accordingly, the court offered the defendant the choice of withdrawing his plea or having the sentence amended to a consecutive term of imprisonment for the same length as previously imposed. The defendant declined the court's offer to withdraw his plea and objected to any change in his sentence. Over his objection, the court amended the sentence so that it ran consecutively to the sentence on the robbery conviction. We now vacate the amended sentence and reinstate the original sentence.

In Matter of *Campbell v Pesce* (60 NY2d 165, 169), the Court of Appeals noted, "In no instance have we recognized a court's inherent power to vacate a plea and sentence over defendant's objection where the error goes beyond mere clerical error apparent on the face of the record and where the proceeding has terminated with entry of judgment. Indeed, by CPL 440.40 (subd 1) the Legislature has expressed its intent to place a time limit on the People's right to challenge an illegal judgment, which would be vitiated by an undefined inherent power to

correct errors, whenever evidenced, which do not appear in the record". Rather, a court's inherent power to correct a sentence more than a year after it has been imposed is limited to those instances, "where the record demonstrates that the Judge merely misspoke in imposing sentence (*People v Wright,* 56 NY2d 613, 614; *People v Minaya,* 54 NY2d 360, *cert denied* 455 US 1024) or it is clear from the record that a patent clerical error has been made in imposing sentence (*People ex rel. Hirschberg v Orange County Ct.,* 271 NY 151, 156)" (*Matter of Kisloff v Covington,* 73 NY2d 445, 450; *see also, People v Wright, supra; People v Minaya, supra; People v Ruiz,* 226 AD2d 747; *People v Riggins,* 164 AD2d 797). Here, because the original sentence was that which was promised and intended, the court lacked the inherent power to amend the sentence over the defendant's objection more than a year after the original sentence had been imposed. Thus, the amended sentence must be vacated and the original sentence reinstated. Mangano, P. J., Rosenblatt, Ritter, Santucci and Krausman, JJ., concur.