OPINION OF THE COURT
Richard M. Klein, J.
May a defendant sentenced to probation without having been arraigned as a predicate offender be sentenced as a second felony offender for a violation of that probation? The court *490 concludes that sentencing a defendant as a second felony offender in such circumstances is not only permissible, but mandatory.
On September 6, 1990, following his guilty plea to the crime of criminal sale of a controlled substance in the third degree (a class B felony), defendant was sentenced to lifetime probation. A violation of probation petition was filed on July 29, 1996.
At the November 21,1996 hearing on the petition, the People established that defendant had engaged in an extortion scheme involving threats of violence and intimidation to extract money from an ongoing business concern, for which he was indicted for attempted grand larceny in the second degree. The People also established that defendant had been convicted on an unrelated charge for the crime of aggravated unlicensed operation of a motor vehicle in the second degree. In a written decision dated November 26, 1996, this court found that the People had sustained their burden of proof showing the violations by a preponderance of the evidence, and defendant was adjudicated in violation of probation (see, Black v Romano, 471 US 606, 611; Gagnon v Scarpelli, 411 US 778, 786; CPL 410.70 [5]).
On February 24, 1997 defendant was sentenced as a second felony offender to an indeterminate period of incarceration with a minimum of 9 years to a maximum of 18 years. All parties were then operating under the assumption that the defendant had already been arraigned as a second felony offender at the time of his original sentence to probation. The court, however, was subsequently notified that although defendant was unquestionably a predicate felony offender at the time he received his probation sentence (defendant had previously been convicted of attempted criminal possession of a controlled substance in the third degree, a class C felony), the sentencing court never arraigned defendant as a second felony offender either at the time of his plea or at the time of his sentence to probation.
It is well settled that before a defendant may be sentenced as a second felony offender the People are required to file a second felony offender statement with the court (see, CPL 400.21; People v Scarbrough, 66 NY2d 673, revg 105 AD2d 1107, 1108, on dissenting opn of Boomer, J.). The failure to comply with this statutory mandate and arraign a defendant on the second felony offender statement renders the sentence invalid as a matter of law (see, People v Martinez, 213 AD2d 1072; CPL 440.40 [1]). The court, thus, vacated defendant’s sentence, sua sponte, and advised both the People and the defense of its inten *491 tion to arraign defendant as a second felony offender de novo and sentence him accordingly. The defendant opposed the proposed predicate arraignment arguing that such a belated arraignment violated defendant’s due process rights and that there was neither statutory nor case law authority for a predicate arraignment and second felony offender sentencing at this stage of the proceedings. The court disagrees.
Firstly, an unlawful sentence cannot stand and the court’s power to correct any illegal sentence within one year after the sentence was imposed is well recognized in statutory and case law (see, People v Wright, 56 NY2d 613; People v Ford, 143 AD2d 522; People v Smith, 164 Misc 2d 306; CPL 440.40 [1]; cf., People v Riggins, 164 AD2d 797). Thus, regardless of the merit or lack of merit of defendant’s substantive argument, the defendant’s existing second felony offender sentence which was meted out without a second felony offender statement having been filed with the court, must, of necessity, be vacated (see, People v Palmeri, 186 AD2d 1075; People v Mohammed, 151 AD2d 1018, lv denied 74 NY2d 815; People v Price, 140 AD2d 927, 928; People v Peale, 122 AD2d 353).
The substantive issue now confronting the court is whether there are Due Process Clause considerations and/or procedural bais which would prevent the court from arraigning the defendant as a predicate at this time, and resentencing him as a second felony offender. The defendant argues that due process requires that the defendant’s predicate arraignment take place at the time of his plea or original sentence. Arguably, the filing of the predicate statement at that time apprises the defendant of his predicate status and affords him an opportunity to controvert that status at a time when he could timely move to withdraw his plea and vacate his sentence, if he so desired. However, upon closer examination these purported benefits appear to be more illusory than tangible. Specifically, the defendant was promised and received a sentence to probation which is the same sentence he would have received irrespective as to whether he had been sentenced as a first or second felony offender. The defendant now has the very same opportunity to controvert his predicate conviction on constitutional or any other grounds at this time as he would have had had the predicate statement been filed at the time of his plea or original sentence. Thus, the defendant’s rights in this regard are in no way compromised by the late filing. It is only the collateral consequences of a probation revocation, and, specifically, the court refers to the enhanced sentencing provisions which *492 second felony offender status entails which the defendant was not apprised of at the time of his plea and original sentence. However, even had the predicate statement been filed at the time of his plea or original sentence, the defendant would not have necessarily been apprised of the specific sentencing parameters which he faced as a second felony offender in the event his probation was revoked. CPL 400.21, which sets forth the procedure for determining whether a defendant is a second felony offender, contains no requirement that the defendant be apprised of the specific sentencing ramifications of his predicate status, either in the predicate statement itself or at the predicate arraignment. Indeed, no New York State court has ever held, and this court refuses to so hold now, that as part of a plea allocution to a probation sentence, a defendant must necessarily be apprised of the specific sentencing ranges available in the event of a revocation of that probation. Accordingly, the court finds no due process violation in the filing of the predicate statement at this juncture of the proceedings.[1] Indeed, this conclusion is, in the court’s view, supported, or more precisely, mandated by the Court of Appeals position in the case of People v Scarbrough (supra).
In People v Scarbrough (supra), the Court of Appeals, reversing on a dissenting opinion at the Appellate Division, held that a defendant who is in fact a second felony offender must, as tí matter of law, be sentenced as a second felony offender, notwithstanding the prosecutor’s failure or conscious decision to not file a predicate statement. The Court held that the mandatory nature of the second felony offender sentencing statute was apparent, and the failure to comply with its mandatory requirements rendered the sentence invalid as a matter of law. The Scarbrough decision noted that the Legislature took special care to see that the mandatory sentencing provision of the statute could not be circumvented (see, L 1973, ch 277, §§ 1, 16,17). The Court stated that the procedure set forth was " 'not intended to allow known second felony offenders to be sentenced as first offenders if the prosecutor failed to comply with its provisions” (see, People v Scarbrough, supra, 105 AD2d, at 1109, quoting People v Brown, 54 AD2d 719). The Court stressed *493 that any decision which allowed for such a result created a dangerous precedent, for it allowed the recidivist sentencing provision, so carefully drafted by the Legislature, to be avoided and essentially ignored; a result which the Court found unacceptable. While Scarbrough dealt with a straight jail sentence as opposed to a probation sentence subsequently revoked, it is clear that its reasoning and conclusions should apply with equal force to a violation of probation sentencing.
Insofar as any procedural objections are concerned, while probation is concededly a revocable sentence only as to conditions in existence at sentencing, and defendant was not adjudicated a second felony offender at the time of his original probation "sentence”, the relevant statutes are somewhat unclear.
Specifically, while subdivision (1) of section 65.15 of the Penal Law states that a probationary sentence commences on the date that it is imposed, and section 60.01 (2) (b) of the Penal Law states that a probationary sentence "shall be deemed a tentative one to the extent that it may be altered or revoked”, no statute specifies the controlling date for any amended sentence. The legislative history is not particularly helpful and New York cases provide little guidance. Thus, it is at least arguable that the controlling "sentence” date on a revocation of probation is the date of sentencing on the violation of probation, and not the date on which the defendant was originally sentenced to probation. Should that be the case, the defendant will, of course, have been arraigned as a predicate offender prior to "sentence” in conformity with the dictates of CPL 400.21 (2). In any event, even were the original sentence date controlling, the answer once again is People v Scarbrough (supra). Namely, even assuming defendant should have been arraigned as a predicate offender at the time of his original sentence to probation, a court cannot under any circumstances ignore the fact that a defendant stands before it as a second felony offender. The court must sentence this defendant, as the Legislature intended, under the second felony offender sentencing provisions. The court rejects defendant’s argument that the failure to file a predicate statement at the time he was sentenced to probation entitles him now, as a matter of due process and procedure, to be sentenced as a first felony offender. Due process does not require a sentencing Judge to don such a blindfold.
*494 The defendant will be arraigned as a second felony offender forthwith and sentenced accordingly.[2]

. Interestingly, insofar as Federal jurisprudence is concerned, the United States Supreme Court has barred collateral attack on the validity of prior State convictions utilized to enhance armed career criminal sentencings. The Court held that the Constitution bars the use of a prior conviction for sentence enhancement only when there was a complete denial of counsel in the prior proceeding (see, Custis v United States, 511 US 485, 489).

. A second felony offender sentencing assumes, of course, that defendant will concede or fail to successfully challenge his predicate status.