■ In the Matter of STEPHEN MORRISSEY, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [679 NYS2d 293] —Determination of respondent Police Commissioner dated December 17, 1996, dismissing petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Helen Freedman, J.], entered July 3, 1997) dismissed, without costs.

Respondent's finding that petitioner instigated an altercation with the complainants and used excessive and unjustified force both before and after illegally arresting them, is supported by substantial evidence, in particular, the testimony of the complainants. No basis exists to disturb respondent's credibility findings (*see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444; *Matter of Sadler v Bratton,* 219 AD2d 517). The penalty of dismissal does not shock our sense of fairness. Concur—Nardelli, J. P., Wallach, Tom and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS DEVALLE, Also Known as DWIGHT HAYES, Appellant. [681 NYS2d 487] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered February 7, 1997, convicting defendant, upon his plea of guilty, of robbery in the third degree, and resentencing him, as a second felony offender, to a term of 2 to 4 years, consecutive to the undischarged portion of another sentence, unanimously affirmed.

Defendant was properly resentenced. The court's *sua sponte* restoration of the case to the calendar for resentencing after the Department of Correction informed the court that the original concurrent sentence was illegal was the equivalent of a proceeding pursuant to CPL 440.40 to set aside the sentence. Although, as a result of delays attributable to defendant, the actual resentencing did not occur until approximately 15 months after the original sentence was imposed, the court's *sua sponte* action of recalendaring the case was within the one-year time limit contained in CPL 440.40 (1). Therefore, the court had inherent power to set aside the sentence as illegal, notwithstanding the absence of clerical error (*see, People v Williams,* 87 NY2d 1014; *Matter of Kisloff v Covington,* 73 NY2d 445, 452; *compare, People v Riggins,* 164 AD2d 797). Concur—Nardelli, J. P., Wallach, Tom and Andrias, JJ.