■ In the Matter of JORGE MARTINEZ, Appellant, v KATHERINE FISH, Respondent. [861 NYS2d 774]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent dated June 3, 2006, which calculated the length of the petitioner's sentence of imprisonment, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cacace, J.), entered December 7, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

A court has the inherent power to correct a sentence more than a year after it has been imposed "where the record demonstrates that the Judge merely misspoke in imposing sentence or it is clear from the record that a patent clerical error has been made in imposing sentence" (*Matter of Kisloff v Covington,* 73 NY2d 445, 450 [1989] [citations omitted]; *see People v Wright,* 56 NY2d 613, 614 [1982]; *People v Minaya,* 54 NY2d 360 [1981], *cert denied* 455 US 1024 [1982]; *People ex rel. Hirschberg v Orange County Ct.,* 271 NY 151, 156 [1936]; *People v Rubendall,* 4 AD3d 13, 17 [2004]; *People v Ruiz,* 226 AD2d 747 [1996]; *People v Riggins,* 164 AD2d 797 [1990]). Here, the sentencing court properly exercised its inherent power to correct the alleged discrepancy between the stenographic minutes of the sentencing proceeding and the original order of commitment by entering an amended order of commitment (*see Matter of El-Aziz v Goord,* 27 AD3d 861, 862 [2006]; *People ex rel. Davidson v Kelly,* 193 AD2d 1140, 1141 [1993]).

The petitioner's remaining contentions are without merit. Spolzino, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.