■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL T. HORAN, Appellant. [892 NYS2d 780]—

To the extent the defendant claims that the sentence imposed was excessive, his valid waiver of his right to appeal, executed as part of his plea agreement, precludes review of the contention (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v White*, 62 AD3d 916 [2009]; *People v Powell*, 60 AD3d 974, 974-975 [2009]). However, to the extent that the defendant contends that the fine imposed upon his conviction under Vehicle and Traffic Law § 600 (2) (a) of leaving the scene of an incident without reporting was illegal, this contention may be reviewed despite the defendant's waiver of his right to appeal (*see People v Lopez*, 6 NY3d at 255; *People v Callahan*, 80 NY2d 273, 280 [1992]). At the plea proceedings, among other things, the County Court promised that, in exchange for his plea of guilty to the charge of leaving the scene of an incident without reporting (as a class B misdemeanor), a fine in the sum of $500 would be imposed. That is the maximum fine authorized by the statute (*see* Vehicle and Traffic Law § 600 [2] [c]). The sentence and commitment sheet also states that a fine in the sum of $500 would be imposed upon the defendant's conviction of leaving the scene of an incident without reporting. However, either because the court misspoke, or due to an error in transcription, the sentencing minutes reflect that the court imposed a fine in the sum of $5,000 upon this conviction—a clearly illegal sentence. Under the circumstances, and since the defendant was promised a sentence in which the fine imposed would be in the sum of $500, we modify the judgment accordingly (*see People v Ruvinsky*, 143 AD2d 1062, 1062-1063 [1988]). Fisher, J.P., Miller, Eng and Hall, JJ., concur.