THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v RAYMOND GRIFFIN, Appellant. [952 NYS2d 89]—

The defendant moved, inter alia, to set aside the sentence imposed for his conviction under indictment No. 2221/08, on the ground that he was improperly sentenced as a second felony offender based on a conviction which did not meet the statutory definition of a predicate felony conviction (*see* Penal Law § 70.06 [1] [a], [b]). The defendant contended that on October 16, 2008, the court had resentenced him under indictment No. 1727A/99. He argued that the resentencing had changed the effective date for his conviction under indictment No. 1727A/99 from the original sentencing date of August 7, 2000, to the resentencing date of October 16, 2008. He argued that since he had committed the offenses underlying indictment No. 2221/08 before October 16, 2008, his conviction under indictment No. 1727A/99 could not be used as a predicate felony for his conviction under indictment No. 2221/08.

At the resentencing proceeding, the court merely deleted a period of postrelease supervision (hereinafter PRS), which had been improperly imposed administratively by the Department of Correctional Services (now known as the Department of Corrections and Community Supervision), and was, therefore, a nullity (*see People v Williams*, 14 NY3d 198, 218 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]). Contrary to the defendant's contention, a subsequent correction of a procedural error with respect to a period of PRS does not change the original sentence

date for the purpose of the predicate felony offender statute (*see People v Naughton*, 93 AD3d 809, 812 [2012]). Therefore, the defendant failed to establish that he was improperly sentenced as a second felony offender in support of the branch of his motion which was to set aside the sentence imposed under indictment No. 2221/08.

However, we set aside that sentence on other grounds. On July 15, 2009, the defendant pleaded guilty to all charges under indictment No. 2221/08, i.e., three counts of robbery in the third degree, with the court's promise to sentence him to three indeterminate terms of 2 to 4 years, to run concurrently. On October 5, 2009, the court imposed three indeterminate terms of 2½ to 5 years each, to run concurrently, over the defendant's objection that these sentences exceeded the court's promise at the time of his guilty plea to impose concurrent terms of 2 to 4 years. The court did not state the reasons for departing from its sentencing promise. The minutes further reflect that the court imposed a five-year period of PRS in addition to the indeterminate terms.

As the People correctly concede, the PRS component of the sentence is illegal, since PRS is not authorized for an indeterminate prison term (*see* Penal Law §§ 70.06, 70.45). Although the period of PRS was not noted on the defendant's Uniform Sentence and Commitment form, the period of PRS was pronounced by the court at the sentencing proceeding, and thus became part of the defendant's sentence. Accordingly, the County Court should have granted that branch of the defendant's CPL 440.20 motion which was to set aside the PRS component of his sentence (*cf. People v Horan*, 69 AD3d 879, 880 [2010]).

Moreover, as the People also correctly concede, the sentencing court erred in imposing the three indeterminate terms of 2½ to 5 years. While a sentencing court retains discretion, until the time of sentencing, to fix an appropriate sentence, where the court concludes that it cannot adhere to a sentencing promise, it must state the reasons for departing from the promise on the record (*see People v Schultz*, 73 NY2d 757, 758 [1988]; *People v Selikoff*, 35 NY2d 227, 240 [1974], *cert denied* 419 US 1122 [1975]). Moreover, where the court wishes to depart from the promised sentence, the court must give the defendant the opportunity to withdraw his guilty plea or, in appropriate circumstances, must honor its sentencing promise (*see People v McConnell*, 49 NY2d 340, 346 [1980]; *People v Selikoff*, 35 NY2d at 241). Here, the sentencing court failed to state its reasons for failing to adhere to its promise and failed to give the defendant

an opportunity to withdraw his plea. Under the circumstances of this case, including the People's consent to a modification of the sentence by reducing it to an indeterminate term of imprisonment of 2 to 4 years, we remit the matter to the County Court, Suffolk County, for resentencing in accordance with the promise made to the defendant at the time of his plea.

The defendant's remaining contentions are without merit. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.

Motion by the People, inter alia, to strike point II (c) of the defendant's reply brief on the grounds that it refers to matter dehors the record and improperly raises an argument for the first time in the reply brief, on an appeal, by permission, from an order of the County Court, Suffolk County, dated December 21, 2010. By decision and order on motion of this Court dated June 21, 2012, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is,

Ordered that the branch of the motion which is to strike point II (c) of the defendant's reply brief is granted, and point II (c) of the defendant's reply brief is deemed stricken and has not been considered in the determination of the appeal. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.