Rose, J.P.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered July 23, 2012, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.
Defendant pleaded guilty to criminal contempt in the first degree in full satisfaction of a four-count indictment. He was thereafter sentenced, as a second felony offender, to a prison term of IV2 to 3 years. Defendant appeals.
We affirm. Defendant’s contention that County Court failed to advise him at the time of his plea that he would be sentenced as a second felony offender is not preserved for our review, inasmuch as the record fails to indicate that he moved to withdraw his plea or vacate the judgment of conviction (see People v Harden, 99 AD3d 1108, 1109 [2012]; People v Campbell, 66 AD3d 1059, 1060 [2009]). We note, however, that the uniform sentence and commitment form contains a clerical error in which it incorrectly indicates that defendant was sentenced to a period of postrelease supervision. Our review of the sentencing minutes confirms that County Court did not impose any period of postrelease supervision, and the People acknowledged that such a sentence would be unauthorized (see Penal Law §§ 70.06 [2]; 70.45 [1]; People v Griffin, 99 AD3d 720, 722 [2012]; People v Mao-Sheng Lin, 84 AD3d 1595, 1595 [2011]). Accordingly, the uniform sentence and commitment form must be amended to reflect the sentence as imposed by County Court (see generally People v Minaya, 54 NY2d 360, 364 [1981], cert denied 455 US 1024 [1982]; People v Feliciano, 108 AD3d 880, 880 n 1 [2013]; People v Vasavada, 93 AD3d 893, 894 [2012], lv denied 19 NY3d *986 978 [2012]; see also Matter of Martinez v Fish, 53 AD3d 580, 581 [2008]).
Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.