*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                    106033B
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
            v                                MEMORANDUM AND ORDER

ROGER MARTIN,
                        Appellant.
_____

Calendar Date:  October 23, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

_____

        Susan Patnode, Rural Law Center of New York, Albany (George
J. Hoffman of counsel), for appellant.

        Mary E. Rain, District Attorney, Canton (A. Michael Gebo of
counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Rogers, J.), rendered May 2, 2013, convicting defendant
upon his plea of guilty of the crime of attempted assault in the
second degree.

        Following an altercation with another inmate at a state
correctional facility, defendant was indicted and charged with
one count of promoting prison contraband in the first degree and
one count of assault in the second degree.  In full satisfaction
of that indictment, defendant pleaded guilty to attempted assault
in the second degree and was sentenced to the agreed-upon prison
term of 1½ to 3 years — said sentence to be served consecutively
to the sentence he then was serving.  Defendant now appeals,

contending only that his sentencing status is unclear.[1]

Initially, as the People concede, defendant is entitled to intermediate appellate review of his conviction – notwithstanding defendant's deportation to Jamaica during the pendency of this appeal (see CPL 450.10; People v Ventura, 17 NY3d 675, 679-681 [2011]; People v Jones, 104 AD3d 957, 957 [2013]).  Additionally, in view of County Court's failure to distinguish the right to appeal from the remainder of the rights automatically forfeited by defendant upon his plea of guilty, as well as the court's limited inquiry into whether defendant fully appreciated and understood the terms of the written waiver that he executed, we agree that defendant did not knowingly, intelligently and voluntarily waive his right to appeal (see People v Vences, 125 AD3d 1050, 1051-1052 [2015]).  That said, defendant's present claim – that his sentencing status is not clear from the record – is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Mayers, 74 NY2d 931, 932 [1989]; People v Dolder, 111 AD3d 985, 985 [2013]).

In any event, the record reflects that defendant admitted his prior felony conviction (both during the course of his plea and at the time of sentencing), voiced no objection to the People's predicate felony statement detailing his prior violent felony conviction and thereafter was sentenced consistent with both the terms of the plea agreement and his status as a second violent felony offender.  Accordingly, we discern no need to remit this matter to County Court in order to clarify defendant's sentence (compare People v Helmus, 125 AD3d 884, 884-885 [2015], lv denied 25 NY3d 989 [2015]).  The uniform sentence and commitment form, however, incorrectly bears a notation that defendant was sentenced as a second felony offender instead of a second violent felony offender.  "While this error does not

_____

[1]  Our prior decision in this matter regarding an Anders brief (125 AD3d 1016 [2015]), as well as defendant's current notice of appeal, bear the same incorrect judgment date and Trial Judge – an inaccuracy that we will overlook for purposes of this appeal (see People v Disotell, 123 AD3d 1230, 1231 n 2 [2014], lv denied 25 NY3d 1162 [2015]).

require that an otherwise legal sentence be vacated, the uniform sentence and commitment form must be amended accordingly" (People v Amell, 120 AD3d 1491, 1491 [2014] [internal quotation marks and citations omitted]).

McCarthy, J.P., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.

ENTER:

Robert D. Mayberger
Clerk of the Court