■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY ALVARADO, Appellant. [30 NYS3d 827]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zuckerman, J.), rendered February 20, 2014, convicting him of criminal mischief in the second degree and unauthorized use of a motor vehicle in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his plea of guilty was not made in exchange for a promised sentence of an indeterminate term of 2 to 4 years of imprisonment. The record is clear that he did not accept that offer and, therefore, there was no enforceable plea agreement with those terms at the time of sentencing (*see People v Guzman*, 28 AD3d 396, 397 [2006]). Furthermore, the record establishes that nearly four months after the initial offer, the defendant entered a plea of guilty pursuant to a subsequent plea agreement. The court asked him multiple times on the record before the allocution whether it was his intent and understanding that he was pleading guilty in exchange for a promised sentence of 2½ to 5 years, and the defendant stated that it was. At sentencing, the court imposed the promised sentence of an indeterminate term 2½ to 5 years of imprisonment. Thus, the sentencing promise was honored and the defendant was not entitled to an opportunity to withdraw his guilty plea on the ground he asserts (*cf. People v Collier*, 22 NY3d 429, 433 [2013]; *People v McConnell*, 49 NY2d 340, 346 [1980]; *People v Selikoff*, 35 NY2d 227, 241 [1974]; *People v Griffin*, 99 AD3d 720, 722 [2012]). Moreover, the County Court did not improvidently exercise its discretion in denying the defendant's motion to withdraw his guilty plea on other grounds, as the record indicates that the defendant's acceptance of the plea offer was an informed choice, freely made among valid alternatives, and that he entered his plea of guilty knowingly, voluntarily, and intelligently (*see generally People v Tyrell*, 22 NY3d 359, 365 [2013]; *People v Haffiz*, 19 NY3d 883, 884 [2012]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Moissett*, 76 NY2d 909, 911 [1990]). Dillon, J.P., Chambers, Barros and Connolly, JJ., concur.