*728
 
 OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 This appeal for the first time places before us the issue of defendant’s right to counsel in certain court appearances under Treatment Alternatives to Street Crime (TASC), a program of drug treatment as an alternative to incarceration for nonviolent, drug-addicted offenders. We agree with the Appellate Division that defendant’s right to counsel was not violated in the circumstances presented.
 

 In November 1994, defendant sold two glassine envelopes of heroin and a vial of crack cocaine to an undercover police officer, and was indicted for criminal sale of a controlled substance in the third degree and several related offenses. On March 10, 1995, defendant withdrew his plea of not guilty and entered a plea of guilty tp one count of criminal sale of a controlled substance in the third degree — the top count — in full satisfaction of the indictment. Represented by counsel, defendant entered the guilty plea with the understanding that he would be admitted into TASC,
 
 *
 
 and that upon successful completion of an approved drug treatment program the felony charges would be dismissed. The prosecutor and a TASC representative, both of whom were present, confirmed the terms of the agreement. Prior to accepting defendant’s plea, the court underscored the terms of the bargain:
 
 *729
 
 Defendant stated that he understood the court’s admonition and the terms and conditions of his guilty plea.
 

 
 *728
 
 “If * * * you don’t complete the program, or you commit some other crime between now and the eventual date of sentence or you fail to come back before me for sentence, then there is no promise between us and under your plea of guilty * * * [t]he minimum sentence I could give you is 4V2 years * * * [to] nine years.”
 

 
 *729
 
 Thereafter, defendant participated in a TASC-approved program at Samaritan Village for nearly 18 months. In October 1996, however — prior to completion of the program — defendant was ejected from Samaritan Village for a rules violation, and remained at large for approximately three months, contacting neither TASC nor the court. On January 16, 1997, defendant was brought before the court on a bench warrant. He explained that he was ejected because he had violated the rules by returning late one night after unauthorized attendance at a banquet honoring members of Samaritan Village’s championship softball team. Defendant was remanded and the matter adjourned so that TASC could consider another program for him.
 

 On the following two court dates — January 21 and February 13 — TASC requested adjournments to allow for a reassessment of defendant’s participation in the program. Prior to granting an adjournment to the February 13 proceeding, however, the court made clear that, by the next court date, TASC would have to reach a final decision with regard to defendant’s continued participation in the program. On February 20, 1997, TASC informed the court that it was willing to continue working with defendant but needed a further adjournment, to March 4th, because it could not find a bed for him. As the court was inquiring why defendant had left Samaritan Village, the TASC representative interjected: “Your honor, if you want to sentence this defendant, go ahead.” The court then discharged TASC from the case and set the matter down for sentencing.
 

 At all four appearances — January 16, January 21, February 13 and February 20 — only defendant and a TASC representative were before the court. Neither the prosecutor nor defense counsel was present.
 

 On March 6, with defendant, his counsel and the prosecutor present, the court noted that defendant had broken the Samaritan Village rules, had left the program and had remained at large for close to three months. “As a result,” the court stated, “I don’t consider myself bound by the promise and I’m prepared to sentence the defendant.” Defense counsel recounted defendant’s reason for leaving Samaritan Village and urged the court to give him another chance, noting his successful participation for a considerable period prior to his discharge. The court then sentenced defendant to the minimum
 
 *730
 
 term of 4V2 to 9 years. On appeal, defendant argued that his right to counsel was violated at the February 20 proceeding, when the court determined that he would be sentenced to jail. The Appellate Division rejected defendant’s argument and affirmed the conviction, as do we.
 

 The parameters of a criminal defendant’s right to be represented by counsel are well defined (NY Const, art I, § 6; US Const 6th, 14th Amends;
 
 People v Settles,
 
 46 NY2d 154). At the core of that right, which we have long recognized as inviolable and fundamental to our form of justice, is the recognition that defendants, confronted with both the intricacies of the criminal law and the experienced advocacy of the public prosecutor, require the “ ‘guiding hand of counsel’ ” to aid their defense
 
 (People v Settles, supra,
 
 46 NY2d, at 161;
 
 People v Joseph,
 
 84 NY2d 995, 997, quoting
 
 Powell v Alabama,
 
 287 US 45, 69). In addition to the presence of counsel at trial, criminal defendants are guaranteed the assistance of counsel at any “critical stage” of the prosecution, where counsels’ absence might prejudice due process rights
 
 (see, e.g., United States v Wade,
 
 388 US 218 [pretrial lineup];
 
 Coleman v Alabama,
 
 399 US 1, 10 [preliminary hearing];
 
 Hamilton v Alabama,
 
 368 US 52, 54 [pretrial arraignment];
 
 Townsend v Burke,
 
 334 US 736 [sentencing]).
 

 The question presented by this appeal is narrowly focused: was the February 20 appearance a “critical stage” requiring the presence of counsel? We conclude that it was not.
 

 With no four-square precedent on the issue, defendant urges that the February 20 appearance should be analogized to proceedings involving the revocation of parole or probation, or a conditional discharge, where the right to counsel is mandated by case law or statute
 
 (see, People ex rel. Donohoe v Montanye,
 
 35 NY2d 221 [final parole revocation proceeding];
 
 People ex rel. Menechino v Warden,
 
 27 NY2d 376 [same];
 
 Mempa v Rhay,
 
 389 US 128, 137 [revocation of probation]; CPL 410.70 [4] [revocation of probation or conditional discharge]). In those accusatory proceedings, a defendant is assured the right to counsel because the outcome — liberty or imprisonment — depends upon an arbiter’s determination as to the truth of assertions of misconduct
 
 (Donohoe v Montanye, supra,
 
 35 NY2d, at 226;
 
 People ex rel. Menechino v Warden, supra,
 
 27 NY2d, at 381-382). Counsel is required for purposes of “ ‘marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case’ ”
 
 (People ex rel. Menechino v Warden, supra,
 
 27 NY2d 376, 382,
 
 *731
 
 quoting
 
 Mempa v Rhay, supra,
 
 389 US, at 135). Additionally, certain defenses , or rights not asserted may be irretrievably lost
 
 (see, e.g., Mempa v Rhay, supra,
 
 389 US, at 135-136 [uncounseled defendant with valid defense may agree to plead guilty in exchange for probation, unwittingly forfeiting his right to appeal]).
 

 The presence of counsel was not, however, required to protect defendant’s due process rights at the February 20 appearance. Significantly, it was not an accusatory proceeding affording defendant an opportunity to explain charges against him or requiring the court to make factual or legal determinations affecting his liberty. There was, and remains, no question that defendant was ejected from Samaritan Village for a rules violation before completion of the program, and that he remained at large for several months. The only issues addressed at the February 20 proceeding were administrative concerns that the court sought to have answered by the TASC representative. No factual or legal questions were at issue, and defendant’s views were not relevant to TASC’s decision to readmit him or its ability — given the circumstances created by defendant’s conduct — to find a new program for him.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Judges Bellacosa, Smith, Ciparick, Wesley and Rosenblatt concur; Judge Levine taking no part.
 

 Order affirmed.
 

 *
 

 As described by the People, TASC is a Brooklyn-based program of drug treatment as an alternative to incarceration for nonviolent second felony offenders with a history of substance abuse (see
 
 also, People v Avery,
 
 85 NY2d 503). With the prosecutor’s consent and the court’s oversight, TASC places eligible offenders with an appropriate drug treatment agency. To enter the program, offenders must — as defendant did — plead guilty to the top count of the indictment. Typically, if the offender completes the prescribed drug treatment program, the charges will be dismissed; failure to complete the program may result in sentencing as a second felony offender. TASC monitors each participant’s progress and regularly submits its reports to the court.