Appeal from an order of Monroe County Court (Marks, J.), entered November 19, 1998, which denied defendant’s motion to set aside the sentence pursuant to CPL 440.20.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed.
Memorandum: County Court properly denied the motion of defendant pursuant to CPL 440.20 to set aside the sentence of an indeterminate term of imprisonment of 12 years to life imposed upon his conviction of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [b]). That sentence is the authorized for a persistent violent felony offender convicted of a class D felony (§ 70.08 [3] [c]), but not for a persistent *1016 felony offender (§ 70.10 [2]). The record supports the determination of the court that it misspoke in adjudicating defendant a persistent felony offender (§ 70.10) rather than a persistent violent felony offender (§ 70.08). The court properly exercised its inherent power to correct that error by directing that the certificate of conviction and related documents be amended to reflect defendant’s adjudication as a persistent violent felony offender (see People v Williams, 87 NY2d 1014, 1015 [1996], rearg denied 89 NY2d 861 [1996]; People v Wright, 56 NY2d 613, 614 [1982]; People v Minaya, 54 NY2d 360, 364 [1981], cert denied 455 US 1024 [1982]). The correction “was ministerial in nature and fully comported with the expectations of the court, the prosecutor, and the defendant at the time the plea was originally entered and sentence imposed” (People v Monereau, 181 AD2d 918, 919 [1992], lv denied 79 NY2d 1052 [1992]; see People v Horace, 231 AD2d 948 [1996]). Present—Pigott, Jr., PJ., Green, Scudder, Kehoe and Hayes, JJ.