■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELMAR NEAL, Appellant. [838 NYS2d 688]—

Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered May 31, 2006, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant waived indictment and pleaded guilty to robbery in the second degree as charged in a superior court information. Under the terms of the plea agreement, he waived his right to appeal and was to be sentenced to four years in prison, to be followed by five years of postrelease supervision. During the plea proceedings, County Court mistakenly referenced the sentence as 1 to 4 years in prison. At sentencing, however, County Court imposed the four-year sentence agreed to as part of the plea agreement, to be followed by five years of postrelease supervision. Defendant appeals.

Defendant contends that his plea was involuntary because it was induced by a promised sentence of 1 to 4 years in prison, which was never fulfilled. Initially, we note that this claim is unpreserved for our review given defendant's failure to move to withdraw his plea or to vacate the judgment of conviction (*see*

*People v Vanguilder*, 32 AD3d 1110, 1110 [2006], *lv denied* 7 NY3d 904 [2006]; *People v Rivera*, 24 AD3d 1033, 1033 [2005]). His assertion that he made such a motion when he communicated his displeasure with his sentence as compared to that received by his codefendants is not substantiated by the record as he specifically stated that he did not wish to withdraw his plea. In any event, even if we were to consider defendant's claim, we would find it to be without merit as it is clear that the intended sentence communicated during the plea proceedings was a determinate prison term of four years and that County Court simply misspoke when it referenced an indeterminate prison term of 1 to 4 years instead (*see e.g.* Penal Law § 70.02 [1] [b]; [2] [a]; [3] [b]; *People v Howard*, 1 AD3d 1015 [2003], *lv denied* 1 NY3d 598 [2004]; *People v Watson*, 219 AD2d 760 [1995]). Consequently, we find no basis for disturbing the judgment of conviction.

Cardona, P.J., Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.