■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH ARCHBOLD, Appellant. [926 NYS2d 85]—

Order, Supreme Court, New York County (Bruce Allen, J.), entered on or about June 29, 2010, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Contrary to defendant's contention, the record reflects that the court was aware that it had discretion to grant defendant's request for a downward departure from the risk level assessed by the Board of Examiners of Sex Offenders. The court properly denied that request in light of the serious injury defendant caused the victim. Both the prosecutor and defense counsel noted that the Board's assessment was subject to adjustment based on aggravating or mitigating factors, and the court expressly stated that the Board's assessment was a "recommendation."

Defendant, who was otherwise represented by counsel throughout the sex offender proceedings, was not prejudiced by the absence of counsel on the occasion that the court did nothing more than announce its determination. By the time defendant was produced in the courtroom, his attorney had departed. The announcement of the decision cannot be analogized to a sentencing, and it was not a critical stage of the proceedings. The matter had been fully argued and the presence of counsel would have had no impact (*see People v Garcia*, 92 NY2d 726, 731 [1999]). Even assuming that the court should not have announced its decision in the absence of counsel, a remand to the hearing court so that it could simply repeat its decision in the presence of counsel would serve no useful purpose (*see People v Wardlaw*, 6 NY3d 556, 559-561 [2006]; *People v Adams*, 52 AD3d 243, 244 [2008], *lv denied* 11 NY3d 829 [2008]). Concur—Andrias, J.P., Friedman, Renwick, DeGrasse and Abdus-Salaam, JJ.