■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP KAETZEL, Appellant. [985 NYS2d 734]—

Stein, J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered December 7, 2011, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

In October 2010, in satisfaction of a two-count indictment, defendant pleaded guilty to robbery in the second degree and waived his right to appeal. Under the terms of the plea agreement, sentencing was to be adjourned, defendant was to be placed on interim probation for one year and, if he successfully completed a drug treatment program, the charge would be reduced to robbery in the third degree and defendant would be sentenced to time served and five years of probation. However, if he did not successfully complete the program, defendant's interim probation would be discontinued and he would be sentenced to a prison term of up to 15 years, to be followed by five years of postrelease supervision.

While on interim probation, defendant participated in various types of treatment. However, County Court was provided with information on three separate occasions that defendant had violated the conditions of his interim probation, which ultimately resulted in his removal from the drug treatment program in which he had been enrolled. Consequently, County Court sentenced defendant to 3 1/2 years in prison, to be followed by five years of postrelease supervision, which the court mistakenly referred to as probation. Defendant now appeals, and we affirm.

We reject defendant's initial claim that he was denied the right to counsel. A defendant is guaranteed the right to be represented by counsel in a criminal action under both the US and NY Constitutions (*see* US Const 6th, 14th Amends; NY Const, art I, § 6; *see also Gideon v Wainwright*, 372 US 335 [1963]). Such right "guarantee[s] the assistance of counsel at any 'critical stage' of the prosecution, where counsel['s] absence might prejudice due process rights" (*People v Garcia*, 92 NY2d 726, 730 [1999], *cert denied* 528 US 845 [1999]), including an arraignment and bail hearing (*see Hurrell-Harring v State of New York*, 15 NY3d 8, 20 [2010]; *People v Chapman*, 69 NY2d 497, 500 [1987]). However, where counsel's nonrepresentation at a critical stage does not affect the ultimate adjudication, it is not

a ground for reversing a defendant's conviction (*see Hurrell-Harring v State of New York*, 15 NY3d at 21).[1]

Here, County Court reviewed reports on three occasions indicating that defendant had violated the conditions of his interim probation and defendant initially appeared before the court without counsel with respect to each report. In each instance, the proceeding was abbreviated, defendant engaged in virtually no discussion and nothing substantial was accomplished other than the court informing defendant of the alleged violation and remanding him to jail (*see generally People v Garcia*, 92 NY2d at 730).[2] Each of these appearances was followed within a relatively short period of time by an appearance at which counsel was present.[3] Defendant was represented by counsel at the outset of the criminal action and, most importantly, during the course of the plea discussions that resulted in him being placed on interim probation for one year. Notably, the significant events that impacted defendant's ultimate sentence—such as defendant's admission to violating the conditions of his interim probation and the actual sentencing—occurred when defendant was represented by counsel. In short, even if the appearances in which defendant was unrepresented constituted critical stages of the underlying criminal action, his counsel's absence therefrom did not affect the final adjudication of defendant's case. Thus, such absence did not deprive defendant of his constitutional right to counsel under these circumstances.

We are similarly unpersuaded by defendant's challenge to his sentence. Defendant's argument that his sentence was illegal because a split sentence consisting of a term of imprisonment together with a period of probation was not permissible upon his conviction of a class C violent felony (*see* Penal Law §§ 60.01 [2] [a] [i]; 60.05 [4]; 70.02 [1] [b]) erroneously assumes that County Court imposed a period of probation, rather than a period of postrelease supervision, in addition to defendant's term of imprisonment. Under the circumstances here, we conclude that the record unquestionably reflects that County Court mis-

1. Notably, defendant's counsel stated at oral argument that defendant was not seeking to withdraw his plea or reversal of the judgment of conviction.

2. County Court was authorized to remand defendant to jail because it had reasonable cause to believe that he had violated the conditions of his interim probation (*see* CPL 216.05 [9] [a]; 530.60 [1]).

3. We are troubled by apparent lapses in the record which result in our inability to ascertain exactly how long defendant was incarcerated after he appeared without counsel. However, various entries that do exist in the record indicate that counsel was informed of defendant's incarcerations in a reasonably prompt manner.

spoke when it referred to probation, as opposed to postrelease supervision, at the moment it pronounced sentence (*see generally People v Feliciano*, 108 AD3d 880, 881 n 1 [2013], *lv denied* 22 NY3d 1040 [2013]; *People v Neal*, 41 AD3d 971, 972 [2007]; *compare People v Haynes*, 104 AD3d 1142, 1144-1145 [2013], *lv denied* 22 NY3d 1156 [2014]). Indeed, the court's intent to impose a legally required period of postrelease supervision was indicated at all other times sentencing was discussed, including the initial plea proceeding, the appearance at which defendant admitted to violating the terms of his interim probation, throughout the sentencing proceeding—before the actual imposition of the sentence—and when County Court denied defendant's postsentencing request for credit for time spent on interim probation (*compare People v Bolivar*, 118 AD3d 91, 92-94 [2014]). Moreover, the uniform sentence and commitment order reflects the imposition of a five-year period of postrelease supervision, as opposed to probation. To be sure, defendant correctly argues that a notation on a commitment order regarding postrelease supervision cannot serve to impose this component of the sentence where the sentencing court was silent in regard thereto (*see People v Sparber*, 10 NY3d 457, 470-471 [2008]; *People v Duncan*, 42 AD3d 470, 471 [2007], *lv denied* 9 NY3d 961 [2007]). However, where, as here, the court pronounced the imposition of postrelease supervision—albeit mistakenly referring to it as probation—and the sentence is both authorized for robbery in the second degree (*see* Penal Law §§ 70.00 [6]; 70.02 [3] [b]; 70.45 [2]; *compare People v Dolder*, 111 AD3d 985, 985 [2013]) and consistent with the terms of defendant's plea agreement, no corrective action is necessary.[4] Defendant's remaining arguments have been considered and found to be lacking in merit.

Peters, P.J., Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

4. Even if we were to agree with defendant's argument, the appropriate remedy would be remittal for pronouncement of postrelease supervision. We could not, as defendant requests, merely eliminate the term of postrelease supervision (*see People v Sparber*, 10 NY3d at 471; *see also* Correction Law § 601-d), as that would result in an illegal sentence (*see* Penal Law § 70.45 [2] [f]).