*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 18, 2014                    105792
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                        MEMORANDUM AND ORDER

SHANE DUNHAM, Also Known as
    BREEZY,
                        Appellant.
_____

Calendar Date:  August 4, 2014

Before:  McCarthy, J.P., Garry, Rose, Devine and Clark, JJ.

_____

        Andrew Kossover, Public Defender, Kingston (Michael K. Gould of counsel), for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

_____

        Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered December 19, 2012, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

        Defendant pleaded guilty to assault in the second degree in satisfaction of a two-count indictment arising out of an incident in which he allegedly fired a sawed-off shotgun into a group of 10 people, causing injury to several individuals.  He was sentenced to seven years in prison to be followed by three years of postrelease supervision in accord with the plea agreement. Defendant now appeals, arguing that the sentence was illegal because County Court incorrectly stated at the time of sentencing that defendant was convicted of attempted assault in the first

degree — the top charge in the indictment — as opposed to the charge to which defendant pleaded guilty, assault in the second degree.

In our view, the record reflects that County Court simply misspoke when it indicated that defendant had pleaded guilty to attempted assault in the first degree. During the plea allocution, County Court accepted defendant's plea to assault in the second degree and properly enumerated the elements of that crime (see Penal Law § 120.05 [2]). Indeed, the record establishes that the court and the parties understood that defendant was pleading guilty to assault in the second degree and would be sentenced to the maximum of seven years on that conviction. That understanding is further reflected on the uniform sentence and commitment order, which indicates that defendant was convicted of the crime to which he pleaded guilty. Accordingly, defendant's challenge to the legality of his sentence is unavailing (see People v Kaetzel, 117 AD3d 1187, 1189-1190 [2014]; People v Leszczynski, 96 AD3d 1162, 1163 n 2 [2012], lv denied 19 NY3d 998 [2012]; see also People v Neal, 41 AD3d 971, 972 [2007]). Finally, given the favorable plea resolution and defendant's criminal history, we reject his claim that his sentence was harsh and excessive.

McCarthy, J.P., Garry, Rose, Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court