THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL DIPALMA, Appellant. (Appeal No. 1.) [42 NYS3d 886]— Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered October 15, 2013. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, as a class E felony.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL DIPALMA, Appellant. (Appeal No. 2.) [44 NYS3d 320]—

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered October 15, 2013. The judg-

ment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The People correctly concede that the waiver of the right to appeal his conviction did not encompass defendant's contention in appeal No. 2 that the period of postrelease supervision is unduly harsh and severe and thus does not foreclose our review of that contention (*see People v Maracle*, 19 NY3d 925, 927-928 [2012]; *People v Diaz*, 142 AD3d 1332, 1333 [2016]). We nevertheless reject that contention.

Contrary to defendant's contention in appeal No. 1, Supreme Court did not impose a fee of $350, rather than the proper fee of $50, for the DNA databank fee (*see* Penal Law § 60.35 [1] [a] [v]). Although the sentencing transcript reflects the imposition of a DNA databank fee of $350, the transcript further reflects that the court correctly stated the total amount due from defendant for fees and surcharges, which establishes that the court properly imposed a fee of $50. Moreover, the certificate of conviction correctly states that $50 was assessed for the DNA databank fee. We therefore conclude that no corrective action is necessary inasmuch as the record establishes either that the court misspoke or that there is a transcription error (*see People v Kaetzel*, 117 AD3d 1187, 1190 [2014], *lv denied* 24 NY3d 962 [2014]). Present—Whalen, P.J., Centra, Lindley, DeJoseph and Scudder, JJ.