# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1121**
**KA 13-01654**
PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

DAVID STREBER, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered July 9, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the motion is granted, the plea is vacated, and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: On appeal from a judgment convicting him, upon a plea of guilty, of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]), defendant contends that his plea was not knowingly, voluntarily, or intelligently entered because County Court failed to inform him of a direct consequence of his plea. We agree and therefore reverse the judgment, grant defendant's motion to withdraw his guilty plea, vacate the plea, and remit the matter to County Court for further proceedings on the indictment.

"It is well settled that, in order for a plea to be knowingly, voluntarily and intelligently entered, a defendant must be advised of the direct consequences of that plea" (*People v Jones*, 118 AD3d 1360, 1361; *see People v Harnett*, 16 NY3d 200, 205; *People v Hill*, 9 NY3d 189, 191, *cert denied* 553 US 1048). Direct consequences of a plea are those that have "a definite, immediate and largely automatic effect on [a] defendant's punishment" (*People v Ford*, 86 NY2d 397, 403) and include, among other "core components of a defendant's sentence[,]" the term of imprisonment (*Harnett*, 16 NY3d at 205). Here, although the court during defendant's arraignment articulated the terms of a plea offer that included the alternative sentences defendant would receive if he was or was not successful in the Judicial Diversion Program, the court did not state those alternative sentences on the

record during the plea colloquy.  Specifically, although the court stated during the plea colloquy that defendant would receive a "cap of felony probation if successful[,]" the court did not articulate the sentence that defendant would receive if he was unsuccessful.

Furthermore, the Judicial Diversion Program Contract (Contract) signed by defendant on the date he pleaded guilty contradicts the terms of the plea agreement set forth in the transcript of defendant's arraignment.  Namely, during the arraignment, the court stated, "if unsuccessful, a cap of one and a half to three.  If successful, a cap of five years probation."  In contrast, the Contract provides that defendant would receive "felony probation" if he was unsuccessful, but it does not reflect that defendant was promised any particular sentence in the event that he was successful with the program.  Thus, even though the court ensured during the plea colloquy that no promises had been made to defendant "other than the promises placed on the record and contained in the [C]ontract[,]" the promises made on the record were inconsistent with the promises made in the Contract.

To the extent that the People contend that the court corrected those inconsistencies when the Contract was later amended to reflect the terms of the plea agreement, we reject that contention.  The Contract was amended and re-signed by defendant one week after defendant's guilty plea was taken, and the Court of Appeals has made clear that the court must inform the defendant of the direct consequences of a plea "[p]rior to accepting a guilty plea" (*Hill*, 9 NY3d at 191).  Moreover, there is no evidence in the record that defendant was afforded an opportunity to withdraw his guilty plea on the date he re-signed the amended Contract.  Finally, we reject the People's contention that the court's amendment of the Contract was merely ministerial or clerical in nature (*see People v Howard*, 1 AD3d 1015, 1016; *see also People v Minaya*, 54 NY2d 360, 364, *cert denied* 455 US 1024).  The record is insufficient for us to conclude that the court's amendment "fully comported with the expectations of the court, the prosecutor, and the defendant at the time the plea was originally entered" (*Howard*, 1 AD3d at 1016 [internal quotation marks omitted]), and thus the court was not permitted to make the amendment as a ministerial or clerical matter.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court