# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1299**
**KA 14-01072**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

SAMUEL DIPALMA, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered October 15, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The People correctly concede that the waiver of the right to appeal his conviction did not encompass defendant's contention in appeal No. 2 that the period of postrelease supervision is unduly harsh and severe and thus does not foreclose our review of that contention (*see People v Maracle*, 19 NY3d 925, 927-928; *People v Diaz*, 142 AD3d 1332, 1333). We nevertheless reject that contention.

Contrary to defendant's contention in appeal No. 1, Supreme Court did not impose a fee of $350, rather than the proper fee of $50, for the DNA databank fee (*see* Penal Law § 60.35 [1] [a] [v]). Although the sentencing transcript reflects the imposition of a DNA databank fee of $350, the transcript further reflects that the court correctly stated the total amount due from defendant for fees and surcharges, which establishes that the court properly imposed a fee of $50. Moreover, the certificate of conviction correctly states that $50 was assessed for the DNA databank fee. We therefore conclude that no corrective action is necessary inasmuch as the record establishes

either that the court misspoke or that there is a transcription error
(*see People v Kaetzel*, 117 AD3d 1187, 1190, *lv denied* 24 NY3d 962).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court