■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. WATTS, Appellant. [856 NYS2d 728]—

Mercure, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered November 27, 2006, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and criminal mischief in the third degree.

Defendant waived indictment and, pursuant to a negotiated plea agreement, pleaded guilty to a superior court information

charging him with burglary in the third degree and criminal mischief in the third degree. He was thereafter sentenced, insofar as is relevant to this appeal, to six months in jail and five years of intensive supervision probation. Although that sentence was to run concurrently with a six-month term that defendant was then serving for a probation violation, resulting in a scheduled release date of November 30, 2006, the corresponding paperwork apparently did not so reflect. As a result, when the appointed day arrived, the County Sheriff refused to release defendant.

Defendant moved by order to show cause to correct the sentencing error, but County Court declined to do so. A Justice of this Court subsequently granted defendant a stay of County Court's judgment pending appeal, and defendant was released upon his own recognizance on or about December 22, 2006.

"It is well settled that courts possess 'inherent power to correct their records, where the correction relates to mistakes, or errors, which may be termed clerical in their nature, or where it is made in order to conform the record to the truth' " (*People v Minaya*, 54 NY2d 360, 364 [1981], *cert denied* 455 US 1024 [1982], quoting *Bohlen v Metropolitan El. Ry. Co.*, 121 NY 546, 550-551 [1890]). Such power, in turn, extends to errors relating to sentencing (*see People v Richardson*, 100 NY2d 847, 850-851 [2003]; *People v Wright*, 56 NY2d 613, 614 [1982]; *People v Minaya*, 54 NY2d at 364; *People v Carpenter*, 19 AD3d 730, 731 [2005], *lv denied* 5 NY3d 804 [2005]). Here, the record reflects, and the People do not dispute, that the six-month jail term imposed by County Court was to run concurrently with the six-month term then being served by defendant for his prior probation violation—essentially resulting in a jail sentence of time served. Inasmuch as it is readily apparent that the sentence actually imposed was the product of a clerical error or omission by County Court, this matter is remitted to County Court to correct such error.

Cardona, P.J., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Clinton County for resentencing; and, as so modified, affirmed.