■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE REED, Appellant. [924 NYS2d 807]—

Appeal by the defendant from a resentence of the County Court, Westchester County (Capeci, J.), imposed June 15, 2009, upon his conviction of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (three counts), reckless endangerment in the first degree, and unlawful wearing of a body vest, upon a jury verdict.

Ordered that the resentence is affirmed.

The County Court, at the 2009 resentencing, properly performed the limited function of correcting what amounted to a clerical error in the pronouncement of the County Court's original 2003 sentence (*see generally People v Lingle*, 16 NY3d 621 [2011]). The 2009 resentencing proceeding consisted of no more than the County Court's referring to certain terms of imprisonment as being "determinate" in nature, and in thus correcting a purely clerical error consisting of the inadvertent use of the term "definite" by the original sentencing court in defining those same periods of imprisonment.

There is nothing in the record that would support the defendant's current arguments that he was deprived of his right to the effective assistance of counsel, or that the County Court, prior to or during the resentence proceeding, interfered with his relationship with his attorney, such that he would now be entitled to a second resentencing proceeding. Mastro, J.P., Leventhal, Austin and Cohen, JJ., concur.