In the Matter of KEVIN LANGSTON, Petitioner, v ALBERT TOMEI, as Justice of the Supreme Court, Kings County, et al., Respondents. [933 NYS2d 882]—

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). Here, the People moved to resettle the transcript of the sentencing proceedings in an underlying criminal action entitled *People v Langston*, pending in the Supreme Court, Kings County, under indictment No. 3508/02, to reflect that the correct sentence that was to have been imposed upon the petitioner upon his conviction of criminal possession of a weapon in the second degree was a determinate term of incarceration of 15 years, rather than five years. In an order dated March 29, 2011, the respondent Albert Tomei, a Justice of the Supreme Court, granted the People's motion. On May 16, 2011, Justice Tomei resentenced the petitioner in accordance with the order. The petitioner appealed from the resentence.

The petitioner's remedy is to raise his claims concerning the alleged impropriety of the procedures employed in resentencing him, or the term of imprisonment imposed after resentencing, on his appeal from the resentence (*see* CPL 450.10 [2]; 450.30 [3]; 470.15 [1]).

Accordingly, the petitioner failed to demonstrate a clear legal right to the relief sought (*see generally Matter of Randall v McGann*, 76 AD3d 713 [2010]). Rivera, J.P., Belen, Austin and Roman, JJ., concur.