[973 NE2d 160, 950 NYS2d 65]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN GAMMON, Appellant.

Argued May 2, 2012; decided June 12, 2012

894

APPEARANCES OF COUNSEL

*O'Brien & O'Brien, LLP*, Nesconset (*Stephen L. O'Brien* of counsel), for appellant.

*Thomas J. Spota, District Attorney*, Riverhead (*Michael J. Miller* and *Thomas Constant* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Term should be affirmed.

After being convicted of driving while intoxicated (*see* Vehicle and Traffic Law § 1192 [3]), defendant was sentenced to three

years of probation and served a 60-day term of incarceration (a condition of probation). Some time thereafter, defendant was found to have violated a condition of probation and, as a result, District Court sought to order an additional 60 days of imprisonment. The court remarked, "I promised that I would sentence you to an additional 60 days incarceration. That's in addition to the 60 days you already served, and terminate you from probation."

However, on June 8th, the actual date of sentencing, the court did not specify that it was ordering an additional term of imprisonment, pronouncing that "[p]ursuant to my promise on June 2, the defendant is terminated from probation. I sentence him to 60 days in jail." Defendant was immediately taken into the custody of the Suffolk County jail, but was released the same day because of an erroneous determination crediting him with time served for the original 60-day period of incarceration from the underlying conviction. Days after learning of defendant's release, the District Court resentenced him to "120 days in jail which is an additional 60 days to the 60 days sentence that he already served." Defendant argues that the resentencing violated Criminal Procedure Law § 430.10 and his constitutional right under the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

■ We hold that the resentencing of defendant did not violate the proscriptive language of section 430.10 which provides that "[e]xcept as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced."

It is well established that courts have the "inherent power to correct their records, where the correction relates to mistakes, or errors, which may be termed clerical in their nature, or where it is made in order to conform the record to the truth" (*People v Minaya*, 54 NY2d 360, 364 [1981], quoting *Bohlen v Metropolitan El. Ry. Co.*, 121 NY 546, 550-551 [1890]). Consequently, we have recognized that courts can exercise this authority "in circumstances where it clearly appears that a mistake or error occurred at the time a sentence was imposed" (*People v Richardson*, 100 NY2d 847, 850 [2003] [internal quotation marks omitted]). It is evident, on this record, that District Court intended to impose an "additional 60 days incarceration" for the violation of probation. Its failure to specify that this was a

successive term of imprisonment created the type of ambiguity a court has the inherent authority to clarify (*see Minaya*, 54 NY2d at 364; *People v Wright*, 56 NY2d 613 [1982]; *People v Reed*, 85 AD3d 824 [2d Dept 2011]). In this sense, the sentence was not changed after the June 8 pronouncement.

■ Nor did the resentencing violate defendant's constitutional right against double jeopardy. In *People v Williams* (14 NY3d 198 [2010]), we held that once defendants had satisfied their original judgments by completing their sentences and been released from incarceration at the termination of their sentences, a reasonable expectation of finality had attached and double jeopardy prevented imposition of postrelease supervision (PRS) at resentencing. The defendants in *Williams* served out their terms of imprisonment, and the sentencing judges unambiguously did not pronounce PRS, whereas here, defendant received an ambiguous sentence and did not serve out the original sentence imposed, as reasonably understood by all the parties.

In light of the court's express intent to impose an additional period of incarceration; its authority to correct an apparent ambiguity in pronouncing sentence; and the parties' understanding that defendant was to serve a 60-day term of imprisonment for the violation of probation, in this unique situation, it cannot be said that defendant acquired a legitimate expectation of finality when he was mistakenly released the same day he was taken into custody. Under these circumstances, no reasonable expectation of finality could have attached to the ambiguous sentence so that the court would be precluded, under principles of double jeopardy, from correcting its ambiguity and resentencing defendant in accordance with its stated intent (*see Minaya*, 54 NY2d at 366).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.