■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LANGSTON, Appellant. [995 NYS2d 162]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Tomei, J.), imposed May 16, 2011, upon his conviction of criminal possession of a weapon in the second degree, upon a jury verdict, the resentence being a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed by the same court (Gerges, J.) on July 15, 2003.

Ordered that the resentence is reversed, on the law, the People's motion to resettle the transcript of the July 15, 2003, sentencing proceeding to reflect that the defendant was sentenced to a determinate term of imprisonment of 15 years, instead of five years, is denied, and an order of the Supreme Court, Kings County, dated March 29, 2011, granting that motion, is modified accordingly.

The defendant was convicted of assault in the first degree and criminal possession of a weapon in the second degree. On July 15, 2003, he was sentenced to concurrent determinate terms of imprisonment of 25 years on the conviction of assault in the first degree and five years on the conviction of criminal possession of a weapon in the second degree, as stated in the transcript of the sentencing proceeding. The convictions were affirmed on appeal (*see People v Langston*, 25 AD3d 623 [2006]). In July 2010, the United States District Court for the Eastern District of New York (hereinafter the District Court) granted the defendant habeas corpus relief in connection with the conviction of assault in the first degree, and denied such relief with respect to the conviction of criminal possession of a weapon in the second degree (*see Langston v Smith*, 2010 WL 3119284, 2010 US Dist LEXIS 81191 [ED NY, Aug. 6, 2010, No. 07-CV-2630]). The District Court noted that the defendant had already served his full five-year sentence on the conviction of criminal possession of a weapon in the second degree, and directed his release from prison, staying its order pending a prompt appeal by the People (*see* 2010 WL 3119284, \*8, 2010 US Dist LEXIS 81191, \*20 [2010]). On the People's appeal, the United States Court of Appeals for the Second Circuit (hereinafter the Second Circuit) affirmed the District Court's order granting habeas corpus relief to the defendant in connection with his conviction of assault in the first degree (*see Langston v Smith*, 630 F3d 310 [2d Cir 2011]). The defendant did not appeal from the denial of habeas corpus relief in connection with his conviction of criminal possession of a weapon in the second degree, a fact noted by the Second Circuit, which suggested that the defendant elected this litigation strategy "perhaps because he has now been incarcerated for more than eight years, three years longer than his sentence on the possession charge" (*id.* at 313). On January 20, 2011, the defendant was released from prison, purportedly in full satisfaction of his sentence.

More than one month later, the People moved to resettle the transcript of the sentencing proceeding to reflect that the sentence imposed upon the defendant in connection with the conviction of criminal possession of a weapon in the second

degree should have been a determinate term of 15 years of imprisonment. Relying on its inherent power to correct errors in its records, the Supreme Court (Tomei, J.) granted the People's motion to the extent of directing a resettlement hearing. After the hearing, the Supreme Court determined that the sentence, as originally imposed, was to have been a determinate term of imprisonment of 15 years. Accordingly, in an order dated March 29, 2011, the Supreme Court granted the People's motion, and resettled the transcript of the sentencing proceeding to provide for a determinate 15-year term of imprisonment on the defendant's conviction of criminal possession of a weapon in the second degree. The defendant was remanded to custody. Thereafter, the defendant was resentenced to add a five-year term of postrelease supervision to his sentence. The defendant appeals from the resentence.

Preliminarily, contrary to the People's contention, on this appeal, the defendant may challenge the propriety of the order dated March 29, 2011 (*see* CPL 470.15 [1]; *Matter of Langston v Tomei*, 90 AD3d 662 [2011]).

Courts possess "the inherent power to correct their records, where the correction relates to mistakes, or errors, which may be termed clerical in their nature, or where it is made in order to conform the record to the truth" (*Bohlen v Metropolitan El. Ry. Co.*, 121 NY 546, 550-551 [1890]; *see People v Gammon*, 19 NY3d 893 [2012]; *People v Minaya*, 54 NY2d 360, 364 [1981]; *People ex rel. Hirschberg v Orange County Ct.*, 271 NY 151, 156 [1936]). This inherent authority extends to circumstances "where it clearly appears that a mistake or error occurred at the time a sentence was imposed" (*People v Richardson*, 100 NY2d 847, 850 [2003] [internal quotation marks omitted]; *see People v Gammon*, 19 NY3d at 895; *People ex rel. Hirschberg v Orange County Ct.*, 271 NY at 156). However, as with resentencing, an order correcting an error in a transcript of a sentencing proceeding is subject to a temporal limitation imposed by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution (US Const 5th Amend; *see People v Gammon*, 19 NY3d at 896; *People v Williams*, 14 NY3d 198, 217 [2010]; *People v Minaya*, 54 NY2d at 365-366).

The Double Jeopardy Clause prevents a sentence from being increased once a defendant has a legitimate expectation of finality of the sentence (*see United States v DiFrancesco*, 449 US 117, 129 [1980]; *People v Velez*, 19 NY3d 642, 649 [2012]; *People v Lingle*, 16 NY3d 621, 630-631 [2011]; *People v Williams*, 14 NY3d at 215). "[A] legitimate expectation of finality turns on the completion of a sentence" (*People v Brinson*, 21 NY3d 490,

496 [2013]; *see People v Lingle,* 16 NY3d at 630-631; *People v Williams,* 14 NY3d at 215). Here, the resettlement of the sentencing transcript almost three years after the sentence was purportedly satisfied, and more than two months after the defendant's release from prison in purported full satisfaction of that sentence, violated the constitutional prohibition on subjecting a criminal defendant to double jeopardy. For more than seven years after the sentence was imposed, the People represented to the defendant, and to State and federal courts, that the transcript accurately reflected a five-year sentence. Accordingly, upon his release from prison, the defendant had served out his sentence "as reasonably understood by all the parties" (*People v Gammon,* 19 NY3d at 896). He thus acquired a legitimate expectation of finality with respect to the sentence, and the later resettlement of the transcript of the sentencing proceeding violated his rights under the Double Jeopardy Clause (*see People v Velez,* 19 NY3d at 649-650; *People v Williams,* 14 NY3d at 215-217; *cf. People v Gammon,* 19 NY3d at 896; *People v Minaya,* 54 NY2d at 365-366).

Since the order dated March 29, 2011, was improper, the subsequent resentencing also violated the defendant's rights under the Double Jeopardy Clause, and must be reversed (*see People v Velez,* 19 NY3d at 649-650; *People v Williams,* 14 NY3d at 215-217).

In light of our determination, we need not address the defendant's remaining contentions. Rivera, J.P., Dickerson, Roman and Duffy, JJ., concur.