# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

251

KA 11-02122

PRESENT: SMITH, J.P., CENTRA, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

ANTHONY N. OTT, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered June 28, 2011. Defendant was resentenced upon his conviction of murder in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: In 2006, defendant was convicted upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and assault in the first degree (§ 120.10 [1]). We vacated the sentence imposed on the murder count and remitted the matter to County Court for resentencing on that count " '[b]ecause of the discrepancy between the sentencing minutes and the certificate of conviction' with respect to that count" (*People v Ott*, 83 AD3d 1495, 1497, *lv denied* 17 NY3d 808). Following our remittal, the matter was transferred from County Court to Supreme Court, and defendant was resentenced. Defendant now appeals from the resentence.

Contrary to defendant's contention, Supreme Court did not err in failing to conduct a new sentencing proceeding on the murder count. Although, in general, a defendant upon being resentenced is entitled to a new sentencing proceeding at which the defendant and his attorney have the right to be present and to be heard regarding resentencing (*see generally People v Green*, 54 NY2d 878, 880; *People v Bibbs*, 17 AD3d 170, 170), the resentencing here concerned only a single count of the indictment, and its purpose was to correct a purely clerical error that had occurred when the minimum period of incarceration on that count was misrecorded in the certificate of conviction (*see People v Reed*, 85 AD3d 824, 824, *lv denied* 17 NY3d 861; *see generally People v Sparber*, 10 NY3d 457, 472). Thus, the "resentencing [wa]s limited to remedying this specific [clerical] error" (*People v Lingle*, 16 NY3d

621, 635).

Entered:  March 20, 2015

Frances E. Cafarell
Clerk of the Court