People v Harrington (2020 NY Slip Op 02399)





People v Harrington


2020 NY Slip Op 02399


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


150 KA 16-00193

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARQUIS D. HARRINGTON, DEFENDANT-APPELLANT.






JEFFREY WICKS, PLLC, ROCHESTER (CHARLES D. STEINMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered January 11, 2016. The judgment convicted defendant upon a jury verdict of robbery in the first degree, attempted robbery in the first degree, robbery in the second degree (two counts), criminal possession of a weapon in the second degree (two counts) and criminal use of a firearm in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]). We affirm.
This case arises from an incident where two men used a firearm to steal a motor vehicle. Shortly thereafter, a police officer spotted the stolen vehicle and pursued it in his patrol vehicle. The pursuit ended when the driver of the stolen vehicle parked and fled on foot towards a large house. Although the officer lost sight of the suspect, a bystander told the officer that the suspect had entered the house. The police surrounded the house and ordered its occupants outside, whereupon a woman, several children, defendant, and another man exited the house. The police arrested defendant and transported him to the scene of the crime for a show-up identification procedure. One victim and another eyewitness identified defendant as one of the perpetrators. Investigators searched the house and found a wallet containing defendant's identification secreted in a hole in the wall of the unfinished attic. Defendant confirmed during the booking process that he lived at a different address.
Defendant contends that County Court erred in allowing inadmissible hearsay testimony when the police officer was allowed to testify at trial that the bystander told him that the fleeing suspect ran into the house. We agree. The statement of the bystander was inadmissible hearsay because it was admitted for the truth of the matters asserted therein (see People v Meadow, 140 AD3d 1596, 1598-1599 [4th Dept 2016], lv denied 28 NY3d 933 [2016], reconsideration denied 28 NY3d 972 [2016]; cf. People v Medley, 132 AD3d 1255, 1256 [4th Dept 2015], lv denied 26 NY3d 1110 [2016], reconsideration denied 27 NY3d 967 [2016]). Indeed, the import of the bystander's statement was to confirm that the suspect had indeed fled into the house, and thereby confirm that someone inside the house, i.e., defendant, perpetrated the crime. Nevertheless, we conclude that the error was harmless because the evidence of defendant's guilt is overwhelming and there is no significant probability that defendant would have been acquitted but for the admission of the hearsay testimony (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]). Defendant was identified by the victim and the other eyewitness as a perpetrator of the robbery, which had occurred in broad daylight, close in time to the show-up identification procedure. Those identifications of defendant were corroborated by testimony of the police officer, who observed the suspect flee from the stolen vehicle toward the house where defendant was apprehended. Moreover, the evidence strongly supported an inference that defendant was [*2]not in the house for innocent purposes because he did not live at that address and had tried to conceal his identification in an uninhabited part of the house.
Insofar as defendant contends that the admission of the hearsay testimony violated his constitutional right to confront witnesses, he failed to preserve his contention for our review (see Medley, 132 AD3d at 1256). In any event, that contention lacks merit because the declarant testified at trial and thus defendant had the opportunity to confront him (see People v Tapia, 33 NY3d 257, 270 [2019], cert denied — US &mdash, 140 S Ct 643 [2019]).
Defendant failed to preserve for our review his contention that the court abused its discretion in refusing to grant him funds pursuant to County Law § 722-c for the retention of an expert in the field of eyewitness identification (see CPL 470.05 [2]; cf. People v Walker, 167 AD3d 1502, 1503 [4th Dept 2018], lv denied 33 NY3d 955 [2019]). In any event, that contention lacks merit because defendant failed to establish that the proposed expert testimony was "necessary" to his defense (County Law § 722-c; see Walker, 167 AD3d at 1503). The identifications by the victim and the other eyewitness were corroborated by evidence strongly linking defendant to the possession of the stolen vehicle (see People v Young, 7 NY3d 40, 43-45 [2006]; see generally People v Abney, 13 NY3d 251, 269 [2009]).
Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court