People v Jackson (2020 NY Slip Op 04089)





People v Jackson


2020 NY Slip Op 04089


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


718 KA 15-01443

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES E. JACKSON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






WILLIAM CLAUSS, ROCHESTER, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered July 8, 2015. The judgment convicted defendant upon a jury verdict of robbery in the first degree, attempted robbery in the first degree, robbery in the second degree (two counts), criminal possession of a weapon in the second degree (two counts) and criminal use of a firearm in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals in appeal No. 1 from a judgment convicting him upon a jury verdict of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]), and in appeal No. 2 from a judgment convicting him upon his plea of guilty of burglary in the second degree (§ 140.25 [2]). We affirm in both appeals.
In appeal No. 1, defendant contends that County Court erred in denying his Batson application. We reject that contention. The court properly determined that the prosecutor's explanation that the prospective juror in question "is a pastor" is a race-neutral reason for using a peremptory challenge to strike that prospective juror (see People v Holland, 179 AD2d 822, 824 [2d Dept 1992], lv denied 79 NY2d 1050 [1992]; see also People v Schumaker, 136 AD3d 1369, 1371-1372 [4th Dept 2016], lv denied 27 NY3d 1075 [2016], reconsideration denied 28 NY3d 974 [2016]). Insofar as defendant contends that the prosecutor's stated reasons were not that the juror was a pastor, but rather were unspecified "other reasons," that contention is raised for the first time on appeal and thus is unpreserved for our review (see People v Pescara, 162 AD3d 1772, 1774 [4th Dept 2018]). Insofar as defendant contends that the court erred in failing to make a determination with respect to pretext at step three of the Batson analysis, his contention is similarly unpreserved for our review (see People v Massey, 173 AD3d 1801, 1802 [4th Dept 2019]).
Defendant further contends that he was denied effective assistance of counsel because defense counsel based his opening statement in part on what defendant would "assert" to the jury, and defendant did not take the witness stand in his own defense. We reject that contention inasmuch as "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]). We note that, "[o]n its own, the decision not to call a witness after promising to do so does not establish ineffective assistance of counsel as a matter of law" (People v Lopez-Mendoza, 33 NY3d 565, 572 [2019]; see People v Benevento, 91 NY2d 708, 714-715 [1998]).
Defendant next contends that the court abused its discretion in denying his application to present expert testimony concerning the factors that affect the reliability of eyewitness identifications. We reject that contention because the identifications by the eyewitnesses were [*2]corroborated by evidence linking defendant to the possession of the stolen vehicle (see People v Lee, 96 NY2d 157, 163 [2001]; see generally People v Harrington, 182 AD3d 1000, 1002 [4th Dept 2020]). Specifically, the police found defendant exiting the stolen vehicle mere minutes after the robbery.
In both appeals, defendant contends that, after the court imposed an aggregate sentence of imprisonment for both convictions that was lower than the aggregate sentence agreed upon in the plea bargain in appeal No. 2, the court lacked the power to resentence him and impose the bargained-for sentence. We reject that contention. Courts have inherent authority to resentence a defendant where, as here, " it clearly appears that a mistake or error occurred at the time a sentence was imposed' " (People v Gammon, 19 NY3d 893, 895 [2012]). After the jury verdict in appeal No. 1 finding defendant guilty of robbery in the first degree and other crimes, defendant pleaded guilty in appeal No. 2 to an unrelated count of burglary in the second degree on the understanding that the court would impose a sentence including an aggregate prison term of 20 years. Thus, when the court discovered on the day of the initial sentencing that it had mistakenly imposed an aggregate prison term that was lower than the bargained-for sentence, it properly convened resentencing that same day to correct its mistake.
Contrary to defendant's contention in both appeals, defendant's bargained-for sentence is not unduly harsh or severe. Defendant's remaining contention in appeal No. 2 is academic in light of our determination.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court