People v Burney
2026 NY Slip Op 04101
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KHALIL BURNEY, DEFENDANT-APPELLANT. (APPEAL NO. 2.)

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
465 KA 24-01368
Present: Whalen, P.J., Lindley, Ogden, Nowak, And Delconte, JJ.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN E. MARKARIAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered February 10, 2023. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing.
Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). We note at the outset that there is a discrepancy between the transcript of the sentencing proceeding, during which County Court pronounced a prison sentence of "twelve years," and the certificate of conviction, which reflects a two-year prison sentence. It is well settled that courts have the " 'inherent power to correct their records, where the correction relates to mistakes, or errors, which may be termed clerical in their nature, or where it is made in order to conform the record to the truth' " (People v Minaya, 54 NY2d 360, 364 [1981], cert denied 455 US 1024 [1982]; see People v Gammon, 19 NY3d 893, 895 [2012]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing (see People v Vanderbilt, 238 AD3d 1483, 1489-1490 [4th Dept 2025], lv denied 43 NY3d 1059 [2025]; People v Kratz, 231 AD3d 1529, 1530 [4th Dept 2024], lv denied 42 NY3d 1053 [2024]). In light of our determination, defendant's contentions are academic.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court